## Spigener *v.* The State.

### *Indictment for selling Liquor to Minor.*

1. *Indictment; what sufficient.*—An indictment for the offense of selling liquor to a minor, which follows the form laid down in the Code, is sufficient.

2. *Same; what not ground for quashing, or striking from the files.*—When a bill of indictment is returned into court by the foreman, in the presence of at least twelve of the grand jury, it is not permissible, in support of a motion to quash or strike from the files, to show by the parol testimony ot some of the grand jurors that twelve of the grand jury did not concur in the finding.

3. *Grand juror; age of, who cannot complain of.*—The fact that one of the grand jury finding the indictment was over sixty years of age, furnishes no ground for quashing or abating the indictment. The exemption of persons over sixty years of age is a personal privilege which they may waive.

4. *Challenge; when right to not waived.*—The right of challenge is not lost until the juror is sworn or accepted for the trial of the issue; and when the juror is one ot the regular panel for the week, the defendant does not lose his right to challenge until he accepts the juror for his trial.

5. *Challenge; rule of procedure as to.*—In all criminal prosecutions the State must be required to pass upon the jurors offered, before the defendant can be compelled to announce his acceptance or rejection of them.

APPEAL from Coosa Circuit Court.

Tried before Hon. WILLIAM L. WHITLOCK.

The appellant, William H. Spigener, was tried and convicted on an indictment which charged that he " did sell or give spirituous, vinous or malt liquors to William Pond, a minor, against the peace and dignity of the State of Alabama."

When the case was called for trial, and before pleading to the indictment, defendant moved to quash the indictment or strike it from the files, " because the same was not voted or preferred as a true bill by the grand jury of Coosa county at the fall term, 1878, when it purports to have been found." In support of this motion, the defendant offered to prove by the records of the court that the grand jury at that term of the court, consisted of only seventeen persons, and who those persons were, and then to prove by nine of the persons who composed the grand jury that they had each one refused to vote for or prefer a true bill against the defendant for the

offense charged in the indictment, but that on the contrary, they had voted "no true bill," when this charge was before that body. The court refused to hear this evidence in support of the motion to quash, and the defendant excepted. The defendant then moved to quash the indictment or strike it from the files, on the ground that A. J. Salter, one of the grand jurors who found the indictment, was, at the time of the finding of the same, over sixty years of age, and offered to prove his age in support of the motion. The court refused to hear this evidence or to grant the motion to quash, and the defendant excepted.

The State, upon the calling of one of the regular juries for the week, announced itself satisfied, and defendant peremptorily challenged two of the panel. Two others from the other regular jury were called, and the court asked defendant what he had to say as to the two called to take the place of the challenged jurors; the defendant objected to passing on them until the State had announced satisfied. The court overruled defendant's objections, and he excepted. The defendant then challenged both of the proposed jurors peremptorily, and two more were called from the regular panel, and the defendant was required to pass upon them, before the State announced itself satisfied. The defendant declined to do this, and the State accepting the jurors, he then challenged them peremptorily. The court refused to allow the challenge, and the defendant excepted. The defendant then pleaded in abatement that one of the grand jurors who found the indictment was over sixty years of age at the time he acted as grand juror. The State demurred to this plea, and the court sustained the demurrer, to which action the defendant excepted. The defendant was then put on trial before the jury as above constituted, and objected to going to trial before the jury as thus constituted. His objections were overruled, and he excepted. He then pleaded not guilty, and the State introduced evidence which showed that the defendant had, within the period of twelve months before the finding of the indictment, and in Coosa county, sold liquor to W. E. Pond, who was a minor. The evidence also showed that Pond had the appearance of being twenty-two or twenty-three years of age, and that the father of said Pond had told defendant that he might sell his son whisky. This was all the evidence, and the defendant asked the court to give the following written charges: 1. "If the jury believe the evidence, they will find the defendant not guilty." 2. "That unless the jury believe from the evidence that Wm. E. Pond was a minor when the defendant sold him the whisky, and the defendant knew it, or had good reason to

[Spigener v. The State.]

believe he (William E. Pond) was a minor at that time, that then they must find the defendant not guilty." The court refused each of said charges, and the defendant duly excepted. There was a verdict of guilty, and the defendant appeals to this court.

L. E. PARSONS, Jr., and S. J. DARBY, for appellant.—The indictment is insufficient. The statute, § 4205 of the Code of 1876, contains this exception : "Except upon the requisition of physician for medicinal purposes." The act from which this section is taken contains the exception in the enacting clause. The case of *Davis v. The State*, 39 Ala. 521, is directly in point, and is conclusive against this indictment. Where an offense unknown to the common law is created by statute, which describes the constituents necessary to make the offense, an indictment under it must conform to the description given.—See 17 Ala. 181 ; 19 Ala. 586 ; 21 Ala. 218.

Section 4777 of Code of 1876, enacts : "The concurrence of at least twelve grand jurors is necessary to find an indictment, and when so found, it must be endorsed a true bill, and the indorsement signed by the foreman." The proof offered shows that the bill of indictment in this case, was not found in the manner provided by statute, and to refuse to hear proof is to render the statute nugatory. If the facts be, as the proof offered shows them to have been, there was no valid indictment, and the motion to quash or strike from the files should have been granted. The challenge of the two jurors should have been allowed ; the right was not lost until the juror was sworn in the particular case to be tried, if it is a special jury for that case.—51 Ala. 30. The case of *Smith v. The State*, 55 Ala. 1, shows that the right to challenge for cause is not lost until the juror has been accepted for the trial of the cause, if he be one of the regular panel for the week ; certainly the right to challenge peremptorily is of equal dignity as a challenge for cause. The grand juror who was over sixty years of age, was incompetent, and a grand jury constituted with him as a member, was illegal, and its presentments without force ; especially when, as in this case, the attention of the court is called to the unfitness of the juror and such disqualification shown to exist.

H. C. TOMPKINS, Attorney-General, *contra.*—The grand juror, Salter, was not incompetent. His age was a good cause of excuse, which was personal to himself.

There is no statute or rule of law which prescribes the order in which challenges should be allowed, and hence it must rest in the discretion of the court. The right the law gives

the defendant is to challenge so many jurors peremptorily. The court, in this case, did not take away that right, but only undertook to regulate the mode of its exercise.

The indictment follows the form prescribed by the Code, and is, under repeated decisions of this court, sufficient.

When a bill is returned into court, as it was not denied this was, it is returned by the grand jury and not by the foreman alone ; the act of returning is not his act, but is the act of the whole jury ; they are present; it is their duty to know what bills are presented, and the law must conclusively presume that they did know. The return of the indictments is a solemn declaration, under the solemnity of the oaths they took as grand jurors, that the indictments returned are findings of at least twelve of their number, and no person who was a grand juror should be allowed to impeach the record in such a case.—1 Greenl. Ev. § 253.

STONE, J.—The indictment in the present case is an exact copy of form 59, Code of 1876, p. 998, and is sufficient. Code of 1876, sections 4205, 4824.

The statutes require the grand jurors to take an oath that they will keep secret the State's counsel, their fellows and their own.—Code of 1876, section 4755 ; see, also, sections 4134-5. Indictments, when found, are presented to the court in open session, by the grand jury as a body. This is a solemn, official affirmation to the court that the bills then presented, indorsed by the foreman true bills, and signed by him, are the findings of at least twelve of the grand jury. The grand jurors being present, if any bill, so presented, was unauthorized by the requisite finding, the fact should then be made known. The indictment being returned and delivered to the court, is then indorsed by the clerk and filed in his office, and becomes a record of the court.—Code of 1876, sections 4677, 4821. Indictments having these solemn sanctions thrown around them, it is not permissible to receive testimony, either of the grand jurors, or of any other person cognizant of the facts, to show how any grand juror, or any number of them, voted on any particular finding. The record can not be disproved in this way.—1 Greenl. Ev. § 252.

Section 4733 of the Code of 1876, directs that in drawing and selecting grand and petit jurors, "no person must be selected who is under twenty-one years of age, or over sixty years of age," &c. One of the grand jurors at the time at which this indictment was found, was over sixty years of age ; but he waived his exemption, and consented to serve. This was no ground for quashing or abating the indictment. Code of 1876, section 4889 ; Clark's Manual, § 2329.

[Spigener v. The State.]

Under our statutes, in all prosecutions, whether for crimes or misdemeanors, peremptory challenges of jurors are allowed to the State and to the accused; the number allowed to the accused being greater than that allowed to the State.—Code of 1876, sections 4879, 4880, 4877. The statute no where declares which party shall be required to first exercise this privilege. In the Circuit Court, certain jurors were summoned from another jury to supply the deficiency caused by prior challenges; and as to these jurors, so summoned, the defendant was ruled, against his objection and exception, to first announce his acceptance or rejection of such jurors, before the prosecuting attorney should be required to announce whether or not he challenged any of them peremptorily. The defendant thereupon declined to announce whether or not he would challenge such jurors until the State had first spoken. The solicitor then accepted said jurors, whereupon the defendant offered to challenge them peremptorily, which the court refused to allow. The defendant had not exhausted his peremptory challenges. The charge in this case is a misdemeanor; and in trials for such offense, our statutes do not require the regular jurors who have been sworn for the week, to be specially sworn in each particular cause. The general oath, at the commencement of the week, is sufficient in all cases, civil and criminal, except capital felonies.—Code of 1876, § 4765. We have uniformly held that the right to challenge a juror is not waived or lost until the juror is accepted, or is sworn for the trial of the issue. In this, we but carry out the doctrine almost universally asserted. The reason that swearing the juror is held to determine the election is, that the administration of the oath is the commencement of the trial—the submission of the issue to the jury. The jury being thus charged with the trial of the issue, no juror should be afterwards withdrawn from the panel, except for one of the few grounds sanctioned by the law. The discovery, after the juror is sworn, of a ground of challenge for cause, not previously known, is one of the exceptions to the rule. But when, as in this case, the jurors are not specially sworn to try the particular issue, the trial can not be considered as entered upon, nor the cause submitted to the jury, until the parties have elected them, or some step has been taken in putting the case before them. A challenge, at any time before that, by one whose challenges are not exhausted, should be allowed by the court, as matter of right.—Clark's Manual, § 2376. Under this rule, the Circuit Court erred in denying to the accused the right to challenge the two jurors.—1 Bishop Cr. Prac. § 945; Whar. Amer. Cr. Law, § 3026.

[Spigener v. The State.]

Here we might close this opinion, but we prefer to express our views on the order in which the right of peremptory challenge should be exercised. As a general rule the plaintiff, or actor, is required to take the initiative—to speak first—in judicial proceedings. He inaugurates the suit, and calls the defendant to account. He first announces whether he is ready for trial; and, proceeding in the trial, he first introduces his testimony. We do not find it positively declared which party shall first make known his challenges. In England, for many long centuries, the Crown or government has had no right of peremptory challenge. In many of the States composing the American Union, the State may challenge a limited number of jurors, without assigning any reason, or showing any cause therefor. Such is the law of Alabama. The number is different in the different States, and usually increases with the magnitude of the offense charged. In *Hayes' case*, 23 Mo. 287, the Circuit Court had refused to compel the prosecuting officer to announce his acceptance or rejection of jurors, until after the prisoner had first made his election known. The court, after stating that " the simplest rule upon this subject, and one to which there would seem to be no objection, is that of requiring the parties to challenge as the jurors are called and pronounced qualified, the plaintiff always speaking first," came to the conclusion, by a line of argument that does not satisfy us, that the prisoner had not been injured by the ruling of the court. In *Stewart v. The State*, 13 Ark. 720, speaking of the right to challenge jurors, the court said: " We think the correct mode of proceeding   *   *   is, that when a juror is presented, it is the duty of the court to inquire, first of the attorney for the State, and then of defendant, ' do you accept this juror, or do you challenge him ?' " See, on this subject, 1 Bish. Cr. Prac. § 945, and note; Whar. Amer. Cr. Law, § 2956, *et seq;* Bac. Abr. Title Juries, E. 10 ; *Hooker v. The State*, 4 Ohio, 348 ; 4 Blackst. Com. 353 ; *Wilson v. The State*, 31 Ala. 371 ; *Murphy v. The State*, 37 Ala. 142 ; *Lyman v. The State*, 45 Ala. 72 ; *Murray & Bell v. The State*, 48 Ala. 675. In the case of *Lyman v. The State, supra*, this court said : " Most clearly the right of challenge may be waived ; and when it is waived by the State, and the juror is put upon the acceptance of the accused, and he is accepted by him as one of his triers, the process of his election is complete." This language clearly implies that on the State is cast the duty of first announcing peremptory challenges ; and such, we think, has been the practice of the courts through our whole judicial history. We hold that the Cir-

[Trustees of University v. Moody.]

cuit Court erred in requiring the defendant to first express his election or rejection of the jurors for his trial.

Reversed and remanded; the defendant to remain in custody until discharged by due course of law.