# Weston *v.* The State.

## *Indictment for Burglary.*

63   155<br>98   40

1. *Quashing indictment, that another may be preferred.*—When the record
shows an irregularity in the organization of the grand jury, for which a judg-
ment of conviction would be reversed on error or appeal, although the defect
is not discovered until after the trial has commenced, the court may quash the
indictment (Code, § 4819), and order the case to be brought before another
grand jury.

2. *Jeopardy.*—A defendant, in a criminal case, is never in jeopardy, when
the indictment against him is so invalid that a judgment upon it would be an-
nulled on appeal, no matter what may be the stage of the prosecution when,
for that reason, it is quashed.

3. *Limitation of prosecution; when statute is suspended.*—When an indictment
is quashed, on account of a defect in the organization of the grand jury, and
another indictment is preferred, "the time which elapsed between the finding
of the first and the subsequent indictment must be deducted from the time
limited by law for the prosecution of the offense," (Code, § 4820). The ex-
pressions used in the case of *Finley v. The State* (61 Ala. 201), as to the utter
invalidity of an indictment found by a body of men not legally organized as a
grand jury, are not to be construed as meaning that such an indictment would
not suspend the running of the statute of limitations as above provided.

[Weston v. The State.]

From the Circuit Court of Hale.
Tried before the Hon. Geo. H. Craig.

A. A. Coleman, for the defendant.

H. C. Tompkins, Attorney-General, for the State.

MANNING, J.—Appellant, for the offense of burglary, committed in February, 1876, was indicted at the Spring term of the Circuit Court in that year, by the grand jury, or the body of persons who were summoned, sworn, impanelled and charged to act as such, in that court. The cause was called for trial at the Fall term of the court in the year 1879; but, after a jury had been impanelled, and a witness sworn and examined, it was discovered that there was such an irregularity in the selection and composition of the grand jury, who returned the indictment, as would cause a reversal of the judgment after verdict, if rendered against the accused. Thereupon, the circuit judge stopped the trial, quashed the indictment, and ordered the case to be submitted for consideration to another grand jury; and they preferred the indictment on which the present cause is founded. To this indictment defendant refused to plead; and the plea of "not guilty" was entered by order of the court on his behalf.

Appellant's counsel are mistaken in supposing that an indictment can be quashed, and the case be referred to another grand jury, for no other reasons than those assigned in sections 4815, 4816, and 4817 of the Code of 1876; that is, for "any defect or imperfection in any matter of form," or "when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated, is incorrectly described," and defendant refuses consent that the indictment be perfected by amendment. According to section 4819, "When the judgment is arrested, or the indictment quashed on account of any defect therein, or *because it was not found by a grand jury regularly organized*, or because it charged no offense, *or for any other cause*, the court may order another indictment to be preferred for the offense charged, or intended to be charged."

The first of these indictments was quashed for an irregularity disclosed by the record, in constituting the grand jury; an irregularity for which this court had, in a like case, decided that a judgment of the primary court thereon, against the defendant, must be reversed. It would have been wrong for a circuit judge, seeing that defect, to have suffered the

trial to proceed to a judgment, which would have here been certainly vacated. *Lex neminem cogit ad vana seu inutilia.*

Nor can it be held, in such a case, that the proceedings had gone so far that defendant had been put in jeopardy, and should not, therefore, be subjected to trial again. A defendant is never in jeopardy, when the indictment against him is so invalid, that a judgment upon it would be annulled on appeal, no matter what may be the stage of the prosecution when, for that reason, it is quashed. Besides, there was no plea of former acquittal, which counsel say the proceedings on the first occasion amounted to, in this cause.

The contention founded on expressions in the opinion of *Finley v. The State* (61 Ala. 201), that the indictment first preferred was utterly void, as much so as a like accusation made by an unauthorized assemblage of men in the street would be, and so could not be regarded as an indictment in any sense, and therefore could not be set up to prevent the running of the statute of limitations of three years, cannot be sustained. We have before had occasion to comment on the interpretation put upon the opinion in that case : in which we decided, only, that the error committed in constituting the grand jury was so serious that, upon appeal to this court, we were compelled to pronounce the indictment they found void, and for that reason to set aside a judgment upon it against the defendant, and remand the cause for further proceedings according to law.—*Cross v. The State*, at this term. In the case now before us, as certain as in any other, "the time which elapsed between the finding of the first and the subsequent indictment, must be deducted from the time limited by law for the prosecution of the offense." Code, § 4820 (4147).

Let the judgment of the Circuit Court be affirmed.