# Daniels *v*. The State.

*Indictment for Carrying Concealed Weapons.*

1. *Peremptory challenge of juror; when allowed.*—It is discretionary with the trial court to allow the peremptory challenge of a juror by the State, in a prosecution for a misdemeanor, after the solicitor has announced himself "satisfied with the jury of twelve men then sitting in the jury-box," and before the defendant has expressed his election.
2. *New trial; refusal not revisable.*—Under the uniform decisions of this court, the refusal of a new trial is matter of discretion, and is not revisable on error or appeal.

FROM the County Court of Hale.

Tried before the Hon. JAMES M. HOBSON.

The defendant in this case was indicted for carrying a pistol concealed about his person. The indictment was found in the Circuit Court, and the case was removed into the County Court. On the trial in that court, as the bill of exceptions recites, "The State, by its solicitor, announced satisfied with the jury of twelve men then sitting in the jury-box; but the defendant's counsel, before passing on the jury, asked the court to excuse him for a few moments, in order that he might obtain some information from a person in front of the door, relative to one of the jurors; and his request was granted. The counsel was absent only a moment,

and discovered, on his return, that one W. Mayfield, one of said jurors, had been challenged peremptorily by the solicitor, by leave of the court, and one E. L. Stickney had been called, sworn, and accepted by the State as a juror to try said cause. The defendant objected to this action of the court, and insisted that said Mayfield should remain on the jury; but the court overruled his objection, and he excepted. The defendant then challenged said Stickney peremptorily."

After conviction, the defendant moved for a new trial, on the ground that W. P. Martin, one of the jurors, was a first cousin of Pink Martin, the first witness whose name was indorsed on the indictment, and who was in charge of the place where and when the pistol was said to have been exhibited; that he did not know this fact when he accepted said Martin as a juror, and that his counsel, on making inquiry before accepting the jury, was informed that there was no relationship between them. The court overruled the motion, and the defendant excepted.

Thos. R. Roulhac, for appellant.—(1.) The prosecution being for a misdemeanor, "the twelve men in the jury-box" were the regular panel for the week, or one of the regular panels; and having been already sworn, the right of peremptory challenge by the State was lost when they were accepted and put on the defendant.—*Smith v. State*, 55 Ala. 7; *Spigener v. State*, 62 Ala. 387; *Sparks v. State*, 59 Ala. 86; *Rash v. State*, 61 Ala. 94; *Drake v. State*, 51 Ala. 30. (2.) This court has intimated, in a late decision, that there might be cases in which it would revise and review the refusal of a new trial. The facts of this record show an extreme case, if any can arise, requiring the exercise of this revisory power. One of the jurors was closely related to the principal witness of the prosecution, who was in effect the prosecutor, though not so marked on the indictment; and the defendant was not informed of the fact, though he made diligent inquiry.

Wm. L. Martin, Attorney-General, for the State.—The right of peremptory challenge was not lost until the defendant had passed on the jury.—*Spigener v. State*, 62 Ala. 383; Clark's Manual, § 2376. The refusal of a new trial, under the uniform decisions of this court, is not revisable.

SOMERVILLE, J.—An appeal lies to this court directly from the County Court of Hale county, under the provisions of the act approved February 12th, 1879, conferring additional jurisdiction on that tribunal, and regulating the proceedings therein.—Acts 1878–79, p. 291, sec. 14.

The first exception taken to the rulings of the court is allowing the State to challenge peremptorily the juror Mayfield. The solicitor had accepted this juror, and the court permitted him, in behalf of the State, to revoke such acceptance. This was done before the defendant had expressed his satisfaction with the juror, and before the impanelling of the jury was completed, or the trial had commenced.

The rule is generally stated to be, that after a juror has been accepted by both parties, and the jury has been impanelled, or the trial has been entered on, by swearing the juror, or otherwise, the right to challenge is waived, unless for cause, where the disqualification was unknown at the time, and could not have been discovered by the exercise of proper diligence on the part of the objector.—*Spigener v. The State,* 62 Ala. 383; *Smith v. The State,* 55 Ala. 1; *Roberts v. The State,* 68 Ala. 515. Until the cause is opened, or put to the jury, which may be considered usually as done when the jury is sworn, it is within the discretion of the court to permit an inadvertent acceptance of a juror to be withdrawn.—1 Whart. Cr. Pl. & Pr. (8th Ed.), §§ 617, 672; *Murray v. The State,* 48 Ala. 675. The facts of this case show that the juror had not been accepted by both parties, and the cause had not been put to the jury, when the challenge in question was allowed.

It follows from this view of the law, that the court did not err in its ruling on this subject.

The refusal of the court to grant a new trial on the ground assigned, as our decisions uniformly hold, was discretionary, and is not reviewable by us on appeal.

Judgment affirmed.