# Jackson et al v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Place for holding court; a verdict void if received elsewhere.*—Under the statute, (Code, § 749), which provides that "the circuit courts in the several counties shall be held at the court-houses thereof," a verdict of the jury must be delivered at the court-house; and if a

verdict is received by the judge of the circuit court at his hotel, although in the presence of the defendant, it is void.

2. *Separation of jurors after a void verdict; discharge of accused.*— Where the jury separates after the rendition of a verdict which is void, because delivered to the judge outside of the court-house, the accused, having been once placed in jeopardy, is entitled to be discharged.

APPEAL from the Circuit Court of Baldwin.
Tried before the Hon. JAMES T. JONES.

The facts of the case are sufficiently stated in the opinion.

JOHN R. and CHARLES W. TOMPKINS, for appellants.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendants were tried and convicted for an assault with intent to murder, and sentenced to suffer imprisonment in the penitentiary. The material question is whether there was a legal verdict upon which the sentence of the law could be pronounced. The bill of exceptions states that after the instructions to the jury were given and the "Jury was about to retire to consider their verdict, the judge, being unwell, instructed the bailiff in charge of the jury, that if the jury desired to bring in a verdict before morning, they could come in his charge to the hotel some three hundred yards distant." The verdict was received at the hotel, in the presence of the defendants, and the jury then and there discharged.

Section 749 of the Code provides, that "The circuit courts in the several counties shall be held at the court houses thereof, in each year as follows." It is here declared that the court-house is the place where the several courts shall be held. In the case of *Ex parte Branch & Co.*, 63 Ala. 383, construing the constitutional provision that "a court of chancery shall be held in each district at a place to be fixed by law, at least once in each year," it is said : "A *term* and a *place* of sitting, have been so long by the General Assembly appointed for every court of record, whether of superior or inferior jurisdiction, that involuntarily we regard them as elements of jurisdiction, and that rightful judicial function,

unless it is otherwise expressly provided, can be exercised only when the court is in actual session at the appointed time and place.    *    *    When the law prescribes *time* and *place*, time and place are as essential elements of jurisdiction as subject matter and parties.— *Cullum v. Casey*, 1 Ala. 351; *Wightman v. Karsner*, 20 Ala. 446; *Garlick v. Dunn*, 42 Ala. 404.

The verdict of the jury was not received by the court, but by the judge, not sitting as the court.   The jury was not discharged, in legal sense, but dissolved and finally separated without just cause or excuse, and without the rendition of any legal verdict.   The prisoners had been placed in jeopardy.   They can not again be placed in jeopardy for the same offense.—*McCauley v. The State*, 26 Ala. 135; *Cobia v. The State*, 16 Ala. 781; *Ned v. The State*, 7 Por. 187; Thompson on Trials, § 2632.

An order will be made by this court, discharging the prisoners from further custody for the offense for which they were indicted and put upon trial.   The jury should have been kept together until court convened in session.

Reversed, and defendants discharged.