# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1894.

## Hayes v. The State.

### *Indictment for Grand Larceny.*

1. *Verdict in felony cases must be rendered in open court.*—In all cases of felony the verdict of the jury can be pronounced or rendered only in open court, in the presence of the judge and the defendant.

2. *A verdict delivered by the jury in a felony case to the clerk during recess of court, is void.*—Where on the trial of a felony, after the jury had retired to consider their verdict, the court took a recess, and during the recess the jury returned their verdict to the clerk of the court who sealed the same in an envelope, the jury then dispersing, and when the court reconvened the jurors who composed the panel were recalled to the jury box, at the instance of the court, and the verdict read by the clerk in the presence and hearing of the jury; such writing was in no proper sense a verdict.

3. *Unauthorized discharge of jury without verdict equivalent to an acquittal.*—When the jury are sworn and the trial is entered upon, the prisoner is placed in jeopardy, and the unauthorized discharge of the jury without a verdict, is the equivalent of an acquittal.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. J. M. CARMICHAEL,

The appellant, Starling Hayes, was indicted and tried for grand larceny. After the introduction of all the evidence, the arguments of counsel and the charges to the jury, the jury retired to the jury room, adjoining the court room, with instructions from the judge that they must not separate during the recess of the court, which was taken upon their retirement, and if they arrived at a verdict during such recess they should send for him.

[Hayes v. The State.]

During this recess of the court, in the absence of the presiding judge and of the defendant and his counsel, and without the consent of the defendant or his counsel, the jury, having agreed on their verdict, returned to the court room and handed their verdict to the clerk of the court, and then went out of the court room and dispersed without being under the control or supervision of an officer of the court. When the verdict was handed to the clerk of the court, he put it in an envelope, and sealed it up. When the court reconvened, the defendant moved for his discharge, because of the manner in which the verdict of the jury had been returned into court. This motion was overruled, and the defendant duly excepted. The bill of exception states: "The court then of its own motion, caused the sheriff to collect from among the crowd the jurors who had composed the panel engaged in the trial of this defendant, and place them in the jury box, and after said jury had been so placed, the court caused the clerk to tear open the envelope in which he had placed the verdict handed him by said jury when they separated, and read the said verdict in the presence and hearing of said jury." To such action by the court the defendant duly excepted. On the day after the trial of said case, and during the term of said court, the defendant moved the court to be discharged and released from further confinement, because of the manner in which the verdict against him was returned. The court overruled this motion; and to such ruling the defendant duly excepted.

NORMAN & SON, and C. L. JINKS, for the appellant.—The impartiality, purity and strict regularity of jury trials in all cases, are of the highest importance to the peace, welfare, harmony and security of the community. And the Constitution guarantees to every citizen, a speedy public trial by jury; that he shall not be deprived of life, liberty or property, but by due process of law; that no person shall be accused, arrested or detained except according to the forms which the law has prescribed; that no person for the same offense shall be twice put in jeopardy of life or limb, and that the right of trial by jury shall remain inviolate.—Constitution of the State of Alabama Art. 1 §§ 7, 8, 10 & 12; 4th Bl. Com. 360, see also 6 T. R. 527.

Separation is not allowed in any case after the jury retire to find their verdict until it is found and delivered in open court.—12 Am. & Eng. Encyc. of Law, 375. *Brown v. The State*, 63 Ala. 104. In a felony case the prisoner has a right to be present in court when the jury return their verdict, and a verdict received in his absence is void.—*Cook v. The State*, 60 Ala. 39 ; *Timothy Lester v. Frederick Stanley*, 3 Days Reports, 287 ; *State of Louisiana v. Elijah Hornsby*, 32 La. Annual, 1268. The defendant could not poll the jury after their dispersion.—*Brown v. The State*, 63 Ala. 103.

The defendant had the right to poll the jury.—Code of Alabama, sec. 4484. And in felony cases counsel have no authority to waive the right of the defendant to be present at the rendition of the verdict.—*The State v. Hughes*, 2 Ala. 102 ; *Waller v. The State*, 40 Ala. 333.

The only effectual and legal verdict is the public verdict, in which the jury openly declare they have found the issue for the plaintiff or the defendant.—3 Bl. Com. 377. And the verdict must be delivered in open court. *Jackson v. The State*, (Ala.) 15 So. R. 351 ; *Root v. Shearwood*, 6 Johns, 68 ; s. c., 5 Am. Dec. 191 ; *Commonwealth v. Breyessee*, 40 Am. State Report, 732.

The defendant had the right to have the jury deliberate on his case from the time it was committed to them until they rendered their verdict in open court and were discharged.

They may have been unanimous and agreed at the time they handed what they intended as a verdict to the clerk during the noon recess when they separated, but what they handed to the clerk was not a verdict, and from the time of their separation until collected from the crowd by order of the presiding judge and placed in the jury box, they did not again deliberate on the case. The verdict read was not the result of their deliberations at the time it was read. Until the verdict was read in open court each of the jurors had the right to change his mind, and if it was proper after the separation in this case to collect the jury, they at least should have been remitted to their deliberations to see if they, at that time were agreed as to a verdict, but this was not done.—*Silvey v. The State of Ga.*, 71 Ga. 553.

When the verdict was returned by the jury to the clerk after court had adjourned and the jurors were then

permitted to disperse, it operated as an acquittal of the defendant.—*Jones v. The State*, 97 Ala. 77: *Jackson v. The State*, (Ala.) 15 So. R. 351.

Wm. C. Fitts, Attorney-General, for the State.—It is undeniable that one tried for a crime has the right to be present when the jury returns a verdict against him. But the only reason of this rule is that he may examine them by the poll to ascertain if they consent to his conviction. When it is clear that the reason of this rule is fully satisfied, the rule itself is satisfied.—*Brister v. State*, 26 Ala. 132. In the case at bar the verdict was never read until the prisoner was in court when the right to poll was given him by the judge and he rejected it. He can not now complain that the privilege of polling the jury was taken from him.—*Franklin v. The State*, 29 Ala. 14; *Crocker v. The State*, 47 Ala. 53; *Williams v. The State*, 48 Ala. 85; *Williams v. The State*, 45 Ala. 57; *Morgan v. The State*, 48 Ala. 65.

The prevailing doctrine is that something more must be shown than the mere separation of the jury to set aside the verdict.—Proffatt on Jury trial, p. 455.

BRICKELL, C. J.—The writing the jury delivered to the clerk during the recess of the court, was in no proper sense a verdict. In all cases of felony, the verdict of the jury can be pronounced or rendered only in open court, in the presence of the judge and of the defendant. 1 Bish. Cr. Proc., § 1001; *State v. Hughes*, 2 Ala. 102; *Waller v. State*, 40 Ala. 325; *Cook v The State*, 60 Ala. 39; *Jones v. State*, 97 Ala. 77; *Jackson v. State*, 102 Ala. 76. The court should not have recognized the writing as of any force. If after their voluntary dispersion, and their reassemblage under the order of the court, the jurors had been remitted to their deliberations, and had returned a verdict into court, it may be, the illegality and irregularity of their conduct would have been only ground for new trial. But this course was not pursued; the writing was received as a verdict, and the jury discharged. When the jury are sworn and the trial is entered upon, the prisoner is placed in jeopardy, and the unauthorized discharge of the jury, without a verdict, is the equivalent of an acquittal.—*Ned v. The*

*State*, 7 Port. 187; *Cook v. State, supra*; *Jones v. State, supra*; *Jackson v. State, supra*.

The judgment must be reversed, and as the discharge of the jury operated an acquittal, that judgment must be here entered.