10 So.2d 373

## ALFORD v. STATE.

8 Div. 202.

Supreme Court of Alabama.

Nov. 5, 1942.

Russell W. Lynne and S. A. Lynne, of Decatur, for the petition.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., opposed.

BROWN, Justice.

On the first trial of the petitioner, under the indictment for murder, as the pleas of former jeopardy aver, the jury brought in a verdict finding the defendant guilty of manslaughter in the first degree, without fixing the punishment for the offense.

The pleas further aver that, "the court instructed the jury to return to the jury room and consider, determine and report to the court the punishment the jury fixed under said verdict, and the jury did return to the jury room and after deliberating for a long period of time, reported back to the court that they were unable to agree on the amount of punishment for said offense, and were thereupon discharged by the court."

The verdict was not void, but was incomplete and the court could not receive it without committing error. Code 1940, Tit. 14, § 322; Bates v. State, 170 Ala. 26, 54 So. 432.

Some of the grounds of demurrer were well taken and the court did not err in sustaining them. Constitution 1901 § 9; Code 1940, Tit. 30, § 100; Curry v. State, 203 Ala. 239, 82 So. 489; Andrews v. State, 174 Ala. 11, 56 So. 998, Ann.Cas. 1914B, 760; Ex parte Tanner, 219 Ala. 7, 121 So. 423; Pope v. State, 228 Ala. 609, 155 So. 79; Washington v. State, 125 Ala. 40, 28 So. 78.

The other question argued relates to the sufficiency of the evidence to warrant the submission of the case to the jury. This, under the repeated rulings, was a question for the Court of Appeals on the appeal to that court, not here reviewable on certiorari. Postal Telegraph-

Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

The writ of certiorari is denied.

Writ denied.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.