152 So.2d 441

**John D. BROOKS**
v.
**STATE.**
3 Div. 138.

Court of Appeals of Alabama.
April 9, 1963.

John D. Brooks, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, John D. Brooks, filed his petition for writ of habeas corpus in the Montgomery Circuit Court, seeking his release from Kilby Prison.

The return to the writ made by the warden of the prison, sets out a copy of the indictment, judgment and sentence of the Circuit Court of Montgomery County, Alabama. These documents appear to be regular in every respect and show that appellant was on November 21, 1962, adjudged guilty under an indictment charging burglary and grand larceny, and was sentenced to the penitentiary for a term of four years.

It has been said many times that on habeas corpus where the judgment and sentence of a circuit court is returned as the cause for the detention of the petitioner, the only matter that can be inquired into is the jurisdiction of the said circuit court to render such judgment and impose such sentence. Mackreth v. Wilson, 31 Ala.App. 191, 15 So.2d 112; Allen v. State, 41 Ala. App. 336, 132 So.2d 327; Ex parte Bizzell, 112 Ala. 210, 21 So. 371.

The petitioner alleged that he had been placed twice in jeopardy; that on February 25, 1959, he was convicted for the identical offense which was the basis of the charge of which he was convicted on November 21, 1962. Petitioner's Exhibit "A" shows a conviction on February 25, 1959, after a plea of guilty.

If, as appears in the Attorney General's brief in the "statement of the case,"

the court granted a petition for writ of error coram nobis, set aside the judgment of conviction on the plea of guilty and granted a new trial, the defendant was estopped from pleading former jeopardy based on the action of the court in granting his petition for the writ and ordering a new trial. Stone v. State, 160 Ala. 94, 49 So. 823; Lee v. State, 31 Ala.App. 91, 13 So. 2d 583, certiorari denied 244 Ala. 401, 13 So.2d 590.

Moreover, the defense of former jeopardy is waived if the defendant does not interpose a special plea to the indictment, and it cannot be asserted as a ground for release on habeas corpus. Powell v. State, 253 Ala. 41, 42 So.2d 693; People v. Mims, 136 Cal.App.2d 828, 289 P.2d 539.

The judgment of the court below is ordered affirmed.

Affirmed.