279 So.2d 558

**James McCART**

v.

**STATE.**

**4 Div. 165.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

Rehearing Denied May 15, 1973.

J. Fletcher Jones, Andalusia, for appel-lant.

William J. Baxley, Atty. Gen., and Samuel L. Adams, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was tried under an indictment which charged him with the offense of assault with intent to murder. Before he entered a plea of not guilty to the indictment, he filed pleas of autrefois acquit and former jeopardy setting up the fact that he had previously been tried in the Circuit Court of Covington County under the same indictment and had been convicted and sentenced for the offense of assault and battery; and that on motion of the appellant said judgment of conviction and sentence had been set aside and the appellant had been granted a new trial on the ground that one of the jurors selected to try him had been convicted for a felony and had failed to make that fact known on inquiry by the trial judge during the qualification of the jury, and that such fact was not known to the State or the appellant at said time. Evidence was taken on said pleas and clearly shows the truth of the facts set out in said pleas. The appellant took the position in and by said pleas that he could not again be put to trial for the offense of assault with intent to murder or any offense greater than the offense of assault and battery under said indictment. The evidence and said pleas were submitted to the trial judge and in ruling thereon he stated:

"It is the ruling of this Court that the disqualification of the juror Meeks, under the provision of Section 21, Title 30, Code of Alabama, was such disqualification as this defendant was never legally in jeopardy for the offense charged in the indictment, and therefore the plea of former acquittal does not lie to the indictment, and the defendant must answer the indictment and stand trial. And the plea of former jeopardy does not lie, and that the defendant is required to answer the indictment and stand trial."

The effect of that ruling was to place the defendant on trial once again for the offense of assault with intent to murder and all lesser offenses embraced in the indictment.

The trial resulted in a jury verdict of guilty of assault and battery and the assessment of a fine against the defendant of $100.00.

The judgment entered by the trial court after reciting the verdict of the jury contains the following:

"It is therefore, considered and adjudged by the Court that the Defendant is guilty of Assault and Battery, and that the State of Alabama for the use of Covington County, have and recover of the Defendant the fine and cost of this prosecution for which let execution issue, and that the Defendant be imprisoned in the Covington County Jail for a period of six (6) months."

The appellant again filed a motion for a new trial, which was overruled by the trial judge. Hence, this appeal.

It is the contention of the appellant that error to reversal was committed by the trial court in denying and overruling his pleas of autrefois acquit and former jeopardy and placing him on trial for the offense of assault with intent to murder and all lesser offenses embraced in the indictment. That issue is clearly presented on this appeal.

The evidence offered in support of said pleas is without conflict and shows that the averments of said pleas are true; that the appellant had been previously tried under the same indictment; that the jury trying the appellant had returned a verdict finding the appellant guilty of assault and battery; that the appellant was adjudged by the court to be guilty of said offense and properly sentenced; and that on motion of the appellant said judgment was set aside and a new trial ordered for the reason stated above.

The attorney general in his brief contends that "when a defendant appeals from a judgment of conviction he implicitly agrees in case of reversal to return to the stage of proceedings at which the reversible error occurred." Under this contention it is urged in effect in said brief that, since the error connected with the disqualification of the juror came before the jury was struck and trial begun before the jury selected, when the first motion for a new trial was granted the case returned to the point of qualifying the jury, which is the point before the appellant was put in jeopardy.

In the case of Goolsby v. State, 44 Ala. App. 535, 215 So.2d 598, there were three counts in the indictment upon which the appellant was convicted charging burglary, grand larceny, and buying and receiving stolen property, respectively. The appellant prior to the trial which brought on the appeal, had without counsel entered a plea of guilty and judgment was entered, but that judgment was set aside. On the second trial, which resulted in the appeal, appellant Goolsby filed pleas of autrefois ac-

quit, which were overruled. It is not clear from the opinion whether Goolsby on the first trial pled guilty to all counts or only to one of them or for what offense he was convicted. On the second trial, which resulted in the appeal, Goolsby was convicted and sentenced for burglary in the second degree. This Court in passing upon the pleas of autrefois acquit stated:

"When a defendant appeals from a judgment of conviction, he implicitly agrees in case of reversal to return to the stage of proceedings at which the reversible error occurred. A trial, after issue is joined, is of necessity treated as an indivisible unit."

No authority was cited in the opinion upholding that statement at the point in the opinion where it appears. The Court in *Goolsby* further states:

"Under Gideon v. Wainwright, 372 U. S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, Goolsby's first trial after the coram nobis judgment was a nullity because the court lacked one of its indispensable officers, an attorney for the defendant. We know that Gideon was retried—and acquitted.

"If Goolsby's first arraignment was void, so too was any nol prosse consequent thereon. Hence, on the second trial the cause would revert de novo to arraignment because this was a severable point in the proceeding at which the former error infected judgment."

Further in the *Goolsby* opinion the Court states:

"We see no application here of any potential pleas of former jeopardy even if the appellant were to have properly proved a former judgment of conviction of second degree burglary; and, with an implicit acquittal of grand larceny and receiving stolen goods, Bell v. State, 48 Ala. 684, would not apply here. Brooks v. State, 42 Ala.App. 69, 152 So.2d 441, does."

In Brooks v. State, 42 Ala.App. 69, 152 So.2d 441, the appellant, John D. Brooks, filed a petition for writ of habeas corpus in the Circuit Court of Montgomery County seeking his release from Kilby Prison. The opinion states:

"The petitioner alleged that he had been placed twice in jeopardy; that on February 25, 1959, he was convicted for the identical offense which was the basis of the charge of which he was convicted on November 21, 1962. Petitioner's Exhibit 'A' shows a conviction on February 25, 1959, after a plea of guilty.

"If, as appears in the Attorney General's brief in the 'statement of the case,' the court granted a petition for writ of error coram nobis, set aside the judgment of conviction on the plea of guilty and granted a new trial, the defendant was estopped from pleading former jeopardy based on the action of the court in granting his petition for the writ and ordering a new trial . . . ."

It does not appear from the opinion in the *Brooks* case what the grounds were for granting the petition for writ of error coram nobis as to the 1959 conviction. If it was granted upon some ground which would cause the conviction to be void or a nullity, the opinion applied to the *Goolsby* case, supra, but there was no question in *Goolsby* of an acquittal of any offense. The *Goolsby* case is based upon a factual situation and a holding that the first trial was a nullity.

In Reynolds v. State, 1 Ala.App. 24, 55 So. 1016, the Court said:

"The defendant's contention that, the jury in the first trial having found defendant guilty of murder in the second degree, he was thereby acquitted of murder in the first degree is untenable, in that the record shows that such verdict was set aside on the motion of the defendant as void, because of the unconstitutionality of the jury law, under the provisions of which the jury to try the case was drawn and selected on that trial. . . ."

In Weston v. State, 63 Ala. 155, the Court states:

"Nor can it be held, in such a case, that the proceedings had gone so far that defendant had been put in jeopardy, and should not, therefore, be subjected to trial again. A defendant is never in jeopardy, when the indictment against him is so invalid, that a judgment upon it would be annulled on appeal, no matter what may be the stage of the prosecution when, for that reason, it is quashed. . . ."

In *Reynolds*, supra, the Court states:

". . . The verdict and judgment having been set aside at the instance of the defendant, he estopped himself from pleading former jeopardy for anything growing out of that trial. . . ."

That statement of the law does not say he estopped himself from pleading autrefois acquit. If the trial is void or a nullity he has not been in jeopardy and in such a case could again be put to trial if the conditions which made it void or a nullity were removed.

If a new trial is granted or a judgment of conviction is reversed on appeal on grounds other than that said trial is void or a nullity, a defendant could plead autrefois acquit to any offense for which there was an implicit acquittal, but could not successfully plead former jeopardy to the offense, the conviction for which was set aside or reversed. Otherwise the entire line of cases would have to be set aside which hold that if there is embraced in an indictment more than one offense and if a defendant is convicted for one of the lesser offenses charged therein he could not later be tried for an offense charged which is greater than the one for which he had been convicted. Such a conviction amounts to an acquittal of such greater offense. Davis v. State, 31 Ala.App. 508, 19

So.2d 356; Morse v. State, 27 Ala.App. 447, 173 So. 875.

We now come to a consideration of the question of whether the disqualification of the juror on the first trial of the appellant rendered the trial and judgment void or a nullity.

In Beasley v. State, 39 Ala.App. 182, 96 So.2d 693, the Court in discussing such a disqualification said:

"Thus we are brought to the conclusion that a conviction of adultery, though only for a misdemeanor, is both a disqualification (under § 21, supra) and a common law ground for challenge to the principal cause (*even though not a ground under § 55, subdiv. 5*); and, therefore, under § 64, it is contemplated that such a prospective petit juror should be weeded out by the trial judge even though by some neglect or design of the jury commissioners his name should appear on the venire.

"However, the defendant cannot sit back and invite error because of a juror's disqualification. He must see that the judge either examines the venire as to the qualification in question or ask the court to let him put questions touching the matter, Batson v. State, 216 Ala. 275, 113 So. 300. . . .

. . . . . .

"In Daniels v. State, 88 Ala. 220, 7 So. 337, 338, the court said:

"The rule is generally stated to be that after a juror has been accepted by both parties, and the jury has been impaneled, or the trial has been entered on, by swearing the juror or otherwise, the right to challenge is waived, unless for cause, where the disqualification was unknown at the time, and could not have been discovered by the exercise of proper diligence on the part of the objector. Spigener v. State, 62 Ala. 383; Smith v. State, 55 Ala. 1; Roberts v. State, 68 Ala. 515. . . .'

. . . . . .

"The third point of enquiry as to juror Jenkins's serving while disqualified, is whether or not his presence was of such a nature as to manifest an indwelling injury to the defendant . . . ."

In the light of the decision in *Beasley,* supra, we hold that the disqualification of the juror in the first trial of appellant did not render the case a nullity or the judgment void. It did render it a fit subject to be set aside on motion for a new trial and thus voidable. The disqualification could have been waived by negligence on the part of the appellant in discovering the same or by his consent had in open court.

Since the first trial was not void or a nullity, the appellant had been placed in jeopardy for the offense of assault with intent to murder without any fault upon his part, and had been acquitted therefor. He could not again be placed in jeopardy for assault with intent to murder or any offense greater than that of assault and battery. It was error to do so.

In Kendall v. State, 65 Ala. 492, the appellant was indicted for murder (evidently murder in the first degree, though not stated in the opinion). The verdict of the jury was as follows: "We, the jury, find the defendant guilty, and sentence her to the penitentiary for life." Judgment was entered there on which was set aside on motion of the defendant for a new trial. On the second trial of the case the defendant pled a former acquittal and the trial court sustained a demurrer to said plea. The verdict in the first trial was set aside and a new trial granted on the ground that the jury verdict did not fix the degree of murder for which the jury convicted the defendant. The Supreme Court in that case said:

" . . . The verdict of the jury, at the Fall term of the Circuit Court, 1879, failed to find the degree of the crime charged against the defendant; and the

conviction, for this reason, could not have been sustained; and the action of the court in setting aside such verdict, and granting a new trial, was unquestionably correct. Levison v. State, 54 Ala. 520. This action, furthermore, having been taken at the instance of defendant, was an express waiver of the constitutional privilege of not being placed in jeopardy a second time for the same offense. Tested by these principles, the plea of former acquittal was insufficient, and the demurrer to it was properly sustained. . . ."

If we apply the rule laid down in the *Goolsby* case, supra; to-wit, "When a defendant appeals from a judgment of conviction he implicitly agrees in case of reversal to return to the stage of the proceedings at which the reversible error occurred;" to the facts in the *Kendall* case, supra, there would be a return to the point of the jury verdict. That would be impossible. We have been unable to find any such rule set forth in any other opinion by our appellate courts.

The verdict of the jury in the *Kendall* case was void and would not support a judgment. Therefore, the judgment was void. So there was not a trial which placed the defendant in jeopardy. She, therefore, could legally be tried for murder in the first degree.

In State v. McFarland, 121 Ala. 45, 25 So. 625, the defendant was charged with larceny of a watch from the person of the prosecuting witness. He was convicted of petit larceny. That judgment was set aside because the defendant could not be convicted for petit larceny under that indictment. The trial judge bound the defendant over to answer an indictment for petit larceny. The defendant filed a petition for writ of habeas corpus which was granted by the trial court on the theory that the defendant had been once in jeopardy for petit larceny. On appeal the Supreme Court of Alabama in reversing the case said:

"It is well settled that when on motion of a defendant a judgment is set aside, whether accomplished on motion to arrest, for a new trial, or on appeal or writ of error, such action having been taken at the instance of defendant, is an express waiver of the constitutional privilege of not being placed in jeopardy a second time for the same offense. On another trial, therefore, under a new indictment, if preferred, for petit larceny of this watch, the defendant would not be entitled to plead former jeopardy for anything growing out of this trial. He estopped himself to do so, by moving to set aside the judgment. . . .

.      .      .      .      .      .

". . . The jury might have found him guilty of grand larceny for stealing the watch from the person of the prosecutor, but they refused to do so. He was in jeopardy as to that offense. The verdict they rendered, though not authorized in such an indictment, was, however, in legal effect, an acquittal of the offense with which he was charged. . . ."

The verdict in the *McFarland* case, supra, was void because of the offense of petit larceny was not charged in the indictment and for that reason the acquittal of the only offense embraced in the indictment did not bar his being indicted for another offense; namely, petit larceny. The Supreme Court did not hold that the acquittal features of the verdict were void. The court, therefore, held he had been acquitted for grand larceny.

In Allen v. State, 260 Ala. 324, 70 So.2d 644, the appellant was indicted, tried and convicted of the offense of murder in the first degree and his punishment was fixed at death. The verdict of the jury was returned into the court in the absence of counsel for the appellant which caused him to lose the statutory right to poll the jury. The case was reversed for that reason.

The Supreme Court in reversing the case made this final observation:

"Before concluding the opinion there is a final observation which we would like to make. The verdict in the present case was not void since it was received at the proper place with the judge and the defendant present. Jackson v. State, 102 Ala. 76, 15 So. 351; Hayes v. State, 107 Ala. 1, 18 So. 172. The error lies in depriving the defendant of a right which accrued after the verdict was received. It is a mere irregularity supporting a reversal of the judgment. When a judgment of conviction is reversible for a mere irregularity, not going to its validity, an appeal by the defendant causing a reversal 'did not entitle the defendant to his discharge as having been once in jeopardy.' Washington v. State, 125 Ala. 40, 28 So. 78; Ex parte Tanner, 219 Ala. 7, 121 So. 423. We say this because the defendant in the case at bar will not be put twice in jeopardy for the same offense when he is tried again in the lower court."

The *Allen* case, supra, did not present a situation where defendant was convicted for a lesser offense embraced in the indictment. He was convicted for murder in the first degree. Hence, there was no question of an implicit acquittal of a higher offense. The decision does make distinction between void verdict and mere irregularities requiring a reversal.

In Jackson v. State, 102 Ala. 76, 15 S. 351 the jury returned the verdict in the hotel room where the judge was staying. The Court held:

"The verdict of the jury was not received by the court, but by the judge, not sitting as the court. The jury was not discharged, in legal sense, but dissolved and finally separated, without just cause or excuse, and without the rendition of any legal verdict. The prisoners had been placed in jeopardy. They cannot again be placed in jeopardy for the same offense. . . ."

The *Jackson* case is not a case of a void verdict or trial. The court merely held there was no legal verdict, but that the defendants had been placed in jeopardy. The trial was legal up to the point of return of the verdict at a place other than the courthouse.

In the case at bar the appellant's pleas of autrefois acquit should have been sustained by the trial court and the court's failure to do so is error which requires a reversal. Appellant should not have been put to trial for any offense greater than that of assault and battery.

For the error noted it is ordered and adjudged that the judgment in this cause be reversed and the cause remanded.

Reversed and remanded.

CATES, P. J., and TYSON and HARRIS, JJ., concur.

ALMON, J., with whom DeCARLO, J., joins (dissenting).

I agree with the majority opinion that the trial court was in error in overruling the plea of autrefois acquit. However, in view of the jury's verdict finding appellant guilty of assault and battery I consider this error to be harmless. Sup.Ct. Rule 45.

There is substantial authority for the proposition that a conviction of a lesser included offense operates as an acquittal of the higher offense and consequently renders innocuous any trial court error in regard to matters referable only to the higher offense. Presnal v. State, 23 Ala.App. 578, 129 So. 480; Brewington v. State, 19 Ala.App. 409, 97 So. 763; Crump v. State, 29 Ala.App. 22, 191 So. 475; Frazer v. State, 29 Ala.App. 204, 195 So. 287; Swindle v. State, 27 Ala.App. 549, 176 So. 372, cert. denied 234 Ala. 621, 176 So. 375; Alford v. State, 30 Ala.App. 590, 10 So.2d 370, cert. denied 243 Ala. 404, 10 So.2d 373.

In *Alford,* supra, the Court of Appeals held that a conviction of first degree man-

slaughter under an indictment charging first degree murder was due to be affirmed notwithstanding the possibility of trial court error in ruling on a plea of autrefois acquit of murder. In so holding the Court said:

"Moreover, as to the contention that jeopardy prevailed as to a second trial of the higher degrees of homicide (murder), it occurs to us that, regardless of the soundness of our position above (which we do not doubt), no possible prejudice resulted to the defendant on this score in view of the verdict of manslaughter returned in the second trial. He was, by this second conviction, acquitted of the higher charge anyway, thereby rendering innocuous the action (whether meritorious or not) of the court in striking his plea of autrefois acquit of murder in the first and second degrees."

Two juries have found this appellant guilty of assault and battery and I see no need for a third trial. I, therefore most respectfully dissent.