TAYLOR, Judge.
Appellant Roger Southerland was sentenced to five years’ imprisonment for attempt to commit rape in the first degree, in violation of § 13A-6-61, Code of Alabama 1975. Appellant Kathy Thornton was found guilty of attempt to commit sodomy in the first degree, in violation of § 13A-6-63, Code of Alabama 1975, and sentenced to four years’ imprisonment. There is one issue on their combined appeals.
Appellants contend that the state did not present sufficient evidence to support a verdict of guilty on the charges of attempted rape and attempted sodomy.
On February 4, 1983, the victim, Stacy Hornback, went with appellants Kathy Thornton (now Southerland) and Roger Southerland to Huntsville, where the three visited a number of nightclubs. While at these clubs, all three had numerous drinks. During this time, Miss Hornback stated that Southerland kissed her and rubbed her legs.
*523 After leaving the last nightclub they visited, Mr. Southerland began driving down a road that Miss Hornback was not familiar with. She stated that she became alarmed when she realized that Mr. Southerland was not taking her home. Southerland told her that he did not want to drive through Guntersville, and that is why he was going that way.
Mr. Southerland proceeded to drive to his house on Buck Island just outside Gunters-ville. All three of them went inside. Miss Hornback tried to use the phone to call someone to come and get her, only to learn that the phone was dead.
At this time appellant Kathy Thornton went back to the bedroom and Southerland began pushing, but not forcing, Miss Horn-back into the bedroom. When Miss Horn-back got to the bedroom, Kathy Thornton had disrobed and was lying stretched out on the bed. Miss Hornback testified that she was made to engage in various sexual acts with them, including intercourse with Southerland, and oral sex with Thornton, over a period of about one and one-half hours.
Miss Hornback did not forcibly try to resist. However, she stated that when she appeared reluctant to perform certain sexual acts “Roger would hit me with his hand or a belt” on her buttocks. Miss Hornback stated that she was hit at least a dozen times by Southerland and Thornton during this hour and one-half period. No verbal threats were made, however. Eventually, Miss Hornback, who suffered from a breathing difficulty, screamed at them that she could not breathe and they let her go into the den.
Later, appellants Southerland and Thornton had something to eat, lay down on the sofa and went to sleep. Stacy Hornback then got up and ran out the front door. She proceeded to run down the road and stopped after about three hundred yards to dress. Miss Hornback then ran to a house and telephoned her roommate, Debbie Snow, to come and get her. Debbie and her friend, Russ Messer, came for her and took her to Russ’s home, where he called the police. The police arrived and took Miss Hornback’s statement, after which she went to a hospital for examination.
Section 13A-1-9, states as follows regarding lesser included offenses:
“(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:

(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense;

(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense. (Acts 1977, No. 607, p. 812, § 126).” (Emphasis added).
This court has noted:
“A charge on a lesser included offense should not be given where there is no reasonable theory from the evidence to support such a proposition.”
Hollins v. State, 415 So.2d 1249 (Ala.Cr.App.1982).
The court in Hollins further stated that if the evidence clearly showed the defendant was either guilty or innocent of the offense charged, then a charge on a lesser included offense should not be given.
Section 13A-4-2, Code of Alabama 1975, states that “A person is guilty of the offense of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act toward the commission of such offense.” No mention is made in this code section of the element of failure to consummate the crime. The commentary to § 13A-4-2 of the code, however, states:
“The section is consistent with the latest proposed state criminal law codes and existing Alabama law.
An ‘attempt’ to commit a crime consists of three elements: (1) an intent to commit a crime; (2) performance of some overt act toward commission of the offense; and (3) the failure to consummate its commission. §§ 13-9-3 and 15-17-1. *524 Cochran v. State, 42 Ala.App. 144, 155 So.2d 530 (1963); Miller v. State, 37 Ala. App. 470, 70 So.2d 811 (1954); Broadway v. State, 36 Ala.App. 542, 60 So.2d 697, cert. denied, 257 Ala. 414, 60 So.2d 701 (1952).”
Section 13A-4-5, Code of Alabama 1975, at first seems to be in conflict with this rule. Section 13A-4-5 states in part:
“(a) It is no defense to a prosecution for criminal solicitation, section 13A-4-1, attempt, section 13A-4-2, or criminal conspiracy, section 13A-4-3, that the offense solicited, attempted or conspired was actually committed.”
However, our case law is clear that failure to consummate the offense is still an element of an attempt. This interpretation was strengthened by Ard v. State, 358 So.2d 792 (Ala.Cr.App.), cert. denied, 358 So.2d 794 (Ala.1978), which was written after the passage of the new criminal code but interpreted § 13-9-3 of the old code. Section 13A-4-5, addresses an original prosecution for an attempt, and so does not apply in this case.
The court in Alldredge v. State, 453 So.2d 1332 (Ala.Cr.App.1984), in a somewhat similar fact situation, stated at page 1335:
“Therefore, from the evidence presented at trial, either the appellant forced the prosecutrix to have sex with him and was guilty of first degree rape, or the prose-cutrix consented to sexual intercourse and the appellant was not guilty of any offense.”
“From our examination of the facts, as disclosed above, we do not find a rational basis which would support a charge on sexual misconduct. Therefore, the trial judge properly refused to charge the jury on that offense. Myers v. State, 401 So.2d 288 (Ala.Cr.App.1981).”
In Myers, we said:
“The trial court is not required to charge the jury on a lesser included offense when the evidence offered at trial points either to the guilt of the accused of the offense charged in the indictment or to his innocence. An accused is entitled to have the jury charged on a lesser included offense only where there is a reasonable theory from the evidence to support the lesser offense.... ” 401 So.2d at 291.
It is apparent from the record that the sexual acts were completed as between the appellants and Miss Hornback. There is no evidence in the record of an attempt to commit such an act followed by a failure to complete the act. We find that there was no reasonable theory to support a finding of guilty of an attempt.
Edwards v. State, 33 Ala.App. 386, 34 So.2d 173 (1948), holds that a verdict of guilty to a lesser included offense that was not supported by the evidence was “manifestly a compromise verdict which the law does not approve or contemplate,” and reversed and rendered the conviction.
In DeGraaf v. State, 34 Ala.App. 137, 37 So.2d 130 (1948), the court stated at 34 Ala.App. 142, 37 So.2d 130:
“When under the evidence presented only a verdict of guilty, or a verdict of not guilty, is rationally supported, it cannot be said, with confidence, that a verdict reflecting a misleading instruction to the jury that they may return a verdict of guilty of a lesser offense which is unsupported by the evidence, is harmless.”
This proposition was also followed in Cochran v. State, 42 Ala.App. 144, 155 So.2d 530 (1963), where the court found, upon the same basis, that the verdict was not a true verdict rendered on the evidence.
We conclude that the court erred in charging the jury that they might convict the appellants of the offenses of attempt to commit rape and attempt to commit sodomy, upon a set of facts in which the acts were consummated.
Since there was no reasonable theory to support an instruction on attempt in the present case, the jury could not have properly relied on these lesser offenses in rendering their verdicts. Therefore, we can only assume that this verdict was a *525 “compromise verdict,” and must be reversed upon the authority of Edwards v. State, supra.
The verdict of the jury finding the appellants guilty of attempt acquits them of the higher offenses charged in the indictments. Morse v. State, 27 Ala.App. 447, 173 So. 875 (1937). In that case, a defendant indicted for murder was convicted of manslaughter. The court stated that “[t]he verdict of the jury operated as an acquittal of the defendant of the higher degrees of homicide charged in the indictment. ...”
In McCart v. State, 50 Ala.App. 387, 279 So.2d 558 (1973), the court stated:
“If a new trial is granted or a judgment of conviction is reversed on appeal on grounds other than that said trial is void or a nullity, a defendant could plead autrefois acquit to any offense for which there was an implicit acquittal, but could not successfully plead former jeopardy to the offense, the conviction for which was set aside or reversed. Otherwise the entire line of cases would have to be set aside which hold that if there is embraced in an indictment more than one offense and if a defendant is convicted for one of the lesser offenses charged therein he could not later be tried for an offense charged which is greater than the one for which he had been convicted. Such a conviction amounts to an acquittal of such greater offense. Davis v. State, 31 Ala.App. 508, 19 So.2d 356; Morse v. State, 27 Ala.App. 447, 173 So. 875.”
Applying McCart, supra, the judgment must therefore be reversed and rendered.
REVERSED AND RENDERED.
All the Judges concur.