## Wood v. The State.

*Indictment for Assault with Intent to Murder.*

*Sufficiency of indictment.* — An indictment which charges that the defendants, " unlawfully, and with *maice* aforethought, did assault A. B. with intent to murder him," is good as an indictment for an assault, but not for an assault with intent to murder; and on a verdict of ' guilty as charged in the indictment,' it is erroneous to render judgment of imprisonment in the penitentiary.

FROM the Circuit Court of Walker.

Tried before the Hon. W. S. MUDD.

The indictment in this case, omitting the caption, &c., was in these words : " The grand jury of said county charge that, before the finding of this indictment, Leonidas Wood and E. T. Wood, unlawfully, and with *maice* aforethought, did assault Daniel Grace, with intent to murder him." The defendants jointly pleaded " not guilty to said indictment ; " and on this plea issue was joined. The verdict of the jury was, " We, the jury, find the defendant Leonidas Wood guilty as charged in the indictment ; and we find the defendant E. T. Wood guilty of an assault and battery, and assess a fine against him of one hundred and fifty dollars." Leonidas Wood moved in arrest of judgment, on account of the insufficiency of the indictment ; but the court overruled his motion, and sentenced him to imprisonment in the penitentiary for two years ; and judgment was also rendered against E. T. Wood in accordance with the verdict. Leonidas Wood now assigns as error the overruling of his motion in arrest, and the judgment rendered against him.

THOS. H. WATTS and M. L. WOODS, for the prisoner.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J. — I have not been able to reconcile the indictment set out in the record in this case with any of the forms of indictment allowed by the Code, save that for a simple assault, which is an offence punishable under section 3685 of the Revised Code. The words, " and with *maice* aforethought," may be regarded as surplusage ; and the indictment would then read : " The grand jury of said county charge that, before the

finding of this indictment, Leonidas Wood and E. T. Wood un-
lawfully did assault Daniel Grace, with intent to murder him."
This would be sufficient as an indictment for an assault, which
is an indictable offence. Rev. Code, §§ 3685, 4108–9, 4112,
4119, 4141–42. No doubt, the county solicitor by a slip of the
pen omitted the letter *l* from the word which he intended to
write, leaving it *maice* instead of *malice;* but such a mistake
cannot be supplied by intendment. The word *malice*, or some
other word or words conveying the same meaning, must be used
in an indictment for an assault with intent to murder. Rev.
Code, 809, Form No. 14. If one departure from the prescribed
forms is permitted, another and another will soon be asking for
the same grace, until the whole system will end in an unintel-
ligible jumble of words unknown to the law and the purposes
of criminal procedure. It is best to hold to the prescribed
forms. *Via trita est tutissima.*

The plea was "not guilty to the said indictment;" that is,
not guilty of an assault on Daniel Grace. Leonidas Wood was
found "guilty as charged in said indictment;" that is, guilty
of an assault on Daniel Grace; for which he was sentenced to
imprisonment in the penitentiary for two years. This was
error. In such a case, the defendant cannot be fined more than
five hundred dollars, and imprisoned in the county jail, or sen-
tenced to hard labor for the county, for not more than six
months; he cannot be imprisoned in the penitentiary, as in a
case of felony.

The judgment is reversed, and the cause remanded for further
proceedings in conformity with law; and the said Leonidas
Wood will, in the mean time, be held to answer the charge in
the indictment, until discharged by due cause of law.