### JAMES CRAVEY v. THE STATE.

*No. 936.   Decided May 6th, 1896.*

1. **Pleading—Indictment—Statutory Language.**

   It is a well settled rule of pleading, in criminal cases, that the indictment must use the language of the statute, or language of similar or greater import than that used by the statute.

2. **"Malice," and "Malice Aforethought"—Difference in Meaning.**

   The meaning of "malice" and "malice aforethought," is not precisely the same. "Malice .aforethought" indicates a greater degree of wickedness than "malice" simply.

3. **Murder—Indictment—"Malice Aforethought."**

   "Malice aforethought" is the great characteristic of murder of both degrees, and an indictment for murder which alleges that the killing was done with "malice," omitting the word "aforethought" after the word "malice," is fatally defective.

APPEAL from the District Court of Kerr. Tried below before Hon. EUGENE ARCHER.

This appeal is from a conviction for manslaughter, the punishment being assessed at five years' imprisonment in the penitentiary.

The charging part of the indictment will be found set out in the opinion below.

Counsel for appellant moved in arrest of judgment, "because the indictment does not allege that the killing was done with malice afore-thought." This was overruled.

In view of the disposition made of the appeal, a statement of the case is unnecessary.

*R. H. Burney,* for appellant.—The court erred in overruling defendant's motion in arrest of judgment, the indictment being fatally defective, in that it omitted to charge that the killing was with "malice aforethought." Penal Code, Art. 605, 593; Willson's Crim. Forms, No. 388, 387; Willson's Crim. Laws, Secs. 1006, 1032; McElroy v. State, 14 Tex. Crim. App., 235; Tooney v. State, 5 Tex. Crim. App., 188; McCoy v. State, 25 Texas, 33; Martin v. State, 40 Texas, 26; Jones v. State, 21 Tex. Crim. App., 350; Whar. Crim. Laws, Secs. 399, 1071; 4 Black. Com., p. 195; Territory v. Dooley, 4 Mont., 295; Com. v. Webster, 50 Mass., 295; Dozier v. State, 26 Ga., 156.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HURT, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and given five years in the penitentiary, and prosecutes this appeal. The only questions necessary to be considered in this case are those raised on the indictment. The indictment, in the charging part, is as follows, to-wit: "That James Cravey * * * did then and there, with implied malice, kill Rafael Crane, by shooting him, the said Rafael Crane, with a pistol." The statute defines murder as follows: "Every person with a sound memory and discretion, who shall unlawfully kill any reasonable creature in being within this State, with malice afore-thought, either express or implied, shall be deemed guilty of murder." Penal Code, Art. 605. From this definition, it is absolutely necessary, to constitute murder, that the killing be with malice aforethought. This is so whether it be murder of the first or second degree. Malice afore-thought is a necessary element to either degree. The first question presented is whether "malice" means precisely the same thing as "malice aforethought." If it does, then the indictment is sufficient. There is a well-settled rule of pleading in criminal cases—that the indictment must use the language of the statute, or language of similar or greater import than used by the statute. The language used by the statute is "malice aforethought." We have, in the indictment, "implied malice." There is nothing which stands for "aforethought." The "malice" in the indictment and that in the statute, of course, mean the same thing, but the

indictment contains no word for "aforethought." Hence, in order to sustain the indictment, we have to treat "aforethought" as a word without any meaning. Mr. Bishop, upon this subject, says that the meaning of these words is not precisely the same. The effect or meaning of the word "aforethought," in this phrase, indicates a greater degree of wickedness than "malice" simply. His language is as follows: "In opinions of courts, and other law writings, we frequently meet with language from which 'malice' alone would seem to signify the same thing as 'malice aforethought,' but apparently the better use assigned to the former (malice) a meaning somewhat less intense in wickedness than in the latter." 1 Bishop's New Crim. Law, Art. 429. When we go to the precedents upon this subject, we find that in all cases of indictment for murder the phrase "malice aforethought" is used. Mr. Wharton, upon this subject, says, "It is necessary to state that the act by which the death was occasioned was done feloniously, and especially that it was done of malice aforethought, which, as we have already seen, is the great characteristic of the crime of murder." Whar. on Hom., § 807. The same form is prescribed for indictment for murder by Archbold. See, 1 Archb. Pl. & Prac., pp. 784–785. We are not aware of any authority at common law holding that an indictment would be sufficient for murder which omitted to allege that the killing was done with malice aforethought. In some States it is held unnecessary. These opinions depend largely upon statutes. In this State the question is settled from another standpoint. We quote from Judge Willson: " 'Malice aforethought' are technical words, for which, in an indictment for murder, there can be no equivalents or substitutes. They constitute an essential part of the definition of murder, both at common law and in our statute. Where the homicide is committed without 'malice aforethought,' either express or implied, it is not murder. At common law it has always been held essential to use these words in an indictment for murder, and upon this point the common law authorities and precedents are unanimous. 1 Bishop's Crim. Proc., 335; 2 Bishop's Crim. Proc; 544; 1 Archb. Pl. and Prac., pp. 784–785; Whar. Crim. Law, 8th Ed., 518; 1 Whar. Prec. Ind. 114h; 2 Hale, P. C., 186–187; Whar. on Hom., Sec. 807. Such, also, is the doctrine held by our own courts. McCoy v. State, 25 Texas, 33; Tooney v. State, 5 Tex. Crim. App., 183." See, McElroy v. State, 14 Tex. Crim. App., 236. "Malice," by writers, is frequently used as synonymous with "malice aforethought." This will be met with in charges to juries, and in textbooks. We are not holding that it is necessary, in defining "malice aforethought," in the charge, for the court to say "malice aforethought." The indictment having charged malice aforethought, the charge of the court, defining "express malice," and, in a proper case, also "implied malice," is sufficiently responsive to the allegation in the indictment, "malice aforethought," and it is not necessary to reiterate this term in the charge of the court. We close this case with the following remarks of Judge Willson, in the case of McElroy v. State, 14 Tex.

Crim. App., 237, as follows: "It is indeed strange that the pleader should have omitted from the indictment these essential words. He certainly consulted no precedent, and did not even have reference to the statutory definition of murder; for, if he had taken this trouble, he could not have failed to discover the necessity of these words. In place of these, he has incumbered the indictment with other words, which could and should have been omitted, because wholly useless in charging this offense. If those whose duty it is to prepare indictments would exercise a reasonable amount of care, and occasionally, at least, consult the law as to the requisites of an indictment, and frame their indictments with reference to the statutory definitions of offenses, it would save the country from much trouble and expense, and aid greatly in the speedy and effectual enforcement of the criminal law. We do not make these remarks with reference to this case alone, for it is by no means an isolated or unusual case, in this particular. This court is compelled almost daily to set aside convictions because of the carelessness of prosecuting officers in the preparation of indictments. Such palpable and fatal mistakes as the one before us are of such frequent occurrence that we have deemed it proper to call attention to the evil, with the hope that District and County Attorneys will reflect upon the consequences which result from defective indictments, and bestow more thought and attention upon the preparation of them." The judgment is reversed and the prosecution ordered dismisssd.

*Reversed and Dismissed.*