# Parker v. The State.*

*Indictment for Burglary.*

1. *Burglary; sufficiency of indictment; clerical error in omission of letters.*—An indictment for burglary, which charges that the defendant with intent to steal, broke into and entered "the dwell-house" of a certain designated person, against the peace and dignity of the State of Alabama, is fatally defective; the omission of the three letters, *i n g*, from the word "dwelling" being a matter of substance and destroying the legal sufficiency of the indictment.

*In the report of this case, as found in 110 Alabama 688 and 20 So. Rep. 1022, in copying the indictment there was a mistake made which is misleading to the profession; and the case is, therefore, here republished at length.

[Parker v. The State.]

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The appellant, Osborne Parker, was tried and convicted under the following indictment: "The grand jury of said county charge that before the finding of this indictment Osborne Parker, with intent to steal, broke into and entered the dwell-house of Augustus Moore, alias Gus Moore, against the peace and dignity of the State of Alabama." After the return of the verdict of guilty, the defendant moved the court in arrest of judgment, upon the ground that the indictment upon which he was tried was defective, in that "it fails to allege that the defendant broke into and entered any dwelling house, or any shop, store, warehouse or other building, structure or inclosure, in which any goods, wares or merchandise or other valuable thing was kept for use, sale or deposit." Upon the hearing of this motion, the court refused to grant it; and to this ruling of the court the defendant duly excepted. This constitutes the only question presented for review on the present appeal.

J. H. STEWART and ROBERT B. EVINS, for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

PER CURIAM.—The indictment in this case was fatally defective and the motion in arrest of judgment should have been granted. In the case of *Griffith v. The State*, 90 Ala. 583, the indictment omitted the letters "ght" from the word "aforethought"; and while recognizing the general rule that a mere clerical error, or misspelling, or the omission of letters, did not necessarily vitiate an indictment, the omission was fatal. In the case of *Grant v. State*, 55 Ala. 201, the omission of the letter "d" from the word "gold" was held to be a mere clerical error, not affecting the sense or sound of the word, and did not vitiate the indictment. Unless we depart from these decisions, we must hold the indictment bad in the present case. Great precision should be preserved in matters which vitally affect the life and liberty of the citizen; and we are not willing to relax the rule in this respect laid down by our predecessors.

Reversed and remanded.