Texas & New Orleans Railroad Company v. James Barwick.

Decided May 4, 1908.

**1.—Personal Injuries—Negligence—Probable Consequences—Assumed Risk—Fellow Servant.**

In a suit by a car repairer for damages for personal injuries caused by a lot of car doors falling upon him, evidence considered, and held sufficient to support findings of the jury that the plaintiff did not assume the risk and danger of said injury, that his co-employees, through whose negligence he was injured, were not his fellow servants; and that said co-employees should reasonably have foreseen that injury was likely to result from their act.

**2.—Assumed Risk—Charge—Harmless Error.**

Upon an issue of assumed risk the court charged the jury that the plaintiff, an employee, assumed such risks as he knew of, or "must necessarily have known in the ordinary discharge of his duties." Held, harmless error in view

of other portions of the charge wherein the court correctly stated the law, and because the evidence did not in fact, raise the issue of assumed risk.

### 3.—Same—Act of 1905.

A special charge upon the issue of assumed risk which omits the legislative qualifications of such defense (Gen. Laws, 1905, page 386), and which is calculated to mislead the jury into imposing upon plaintiff an affirmative duty of care to discover the danger, is erroneous and therefore properly refused.

### 4.—Same—Same—Act Construed.

The Act of 1905 concerning the defense of assumed risk (Gen. Laws, 1905, page 386) is not subject to the constitutional objection that it encroaches upon the law of contributory negligence without that subject being expressed in the caption. Said Act, while leaving contributory negligence intact, practically abolishes the defense of assumed risk by making the question one of contributory negligence in every case.

### 5.—Negligence—Unavoidable Accident—Consequences.

In a suit for damages for personal injuries, upon the issue of unavoidable accident, the court charged the jury that unless the employees in doing the act which caused the injury might reasonably have foreseen, in the exercise of ordinary care, injury to the plaintiff or some like injury as a natural and probable consequence of their act, then the injury was an unavoidable accident, but that it was not necessary that they should have been able to foresee, by the use of ordinary care, the very injury which plaintiff in fact received. Held, correct, and a special charge which limited the consequence to that which actually occurred, was properly refused.

### 6.—New Trial—Misconduct of Jury—Newspaper Comments.

Newspaper comments read by a jury pending the trial of a case, considered, and held not sufficient, in the light of the evidence and the verdict rendered, to require that the verdict be set aside and a new trial be granted.

### 7.—Personal Injuries—Verdict not Excessive.

Where, in a suit for damages for personal injuries, it was shown that plaintiff's back was broken, the spinal cord injured, the lower limbs permanently paralyzed, control of the bladder and bowels had been lost, capacity to labor and earn money had been destroyed, that the services of an attendant would be constantly needed, and that great pain had been and would continue to be suffered, a verdict for $25,000 was not so excessive as to require that the same be set aside.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellant.—When the act of alleged negligence, being harmless in itself, puts in motion an independent agency, and through this means causes the injury complained of, there is no actionable negligence, unless those responsible for the original act would reasonably have foreseen such injury as likely to ensue. Texas & Pac. Ry. Co. v. Bigham, 90 Texas, 225; Texas & Pac. Ry. Co. v. Reed, 88 Texas, 448; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 279; 16 Am. & Eng. Enc. of Law, pp. 436 et seq. (1st ed.).

An employe who enters and remains in the service of an employer, to perform a given line of work, is presumed to undertake such work according to the usual and established methods and means of the employment, and to so understand; and in the event of injury received as result of performing the work according to such methods and means,

or from conditions and dangers of which he knew, or would have known by the use of such care as a person of ordinary prudence would have exercised in connection with the performance of such service, he will be held in law to have assumed the risk and danger of such injury, and can not recover therefor. Texas & Pac. Ry. Co. v. French, 86 Texas, 98; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22; Missouri Pac. Ry. Co. v. Somers, 71 Texas, 702; Green v. Cross, 79 Texas, 131; Gulf, C. & S. F. Ry. Co. v. Williams, 72 Texas, 164; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 736; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 628; Wood on Master and Servant, sec. 326; Bailey on Master's Liability for Injury to Servants, pp. 158 et seq.

Paragraph 2, of section 1, chapter 163, of the General Laws of the Twenty-ninth Legislature of Texas, page 386, encroaches on, and has the effect of modifying the law of contributory negligence, a subject which is not expressed in the caption; and in this respect the act violates section 35, article 3, of the Constitution of the State of Texas. Article 3, section 35, Constitution of the State of Texas, 1876; chapter 163, General Laws Twenty-ninth Legislature of the State of Texas, p. 386.

While it is true that the ordinary risks of the service assumed by the servant do not include those dangers resulting from the master's negligence, and the servant owes no duty to inspect the machinery or premises furnished for his work, yet he is required to use that care for his safety against such dangers which a person of ordinary prudence engaged in performing such service would exercise under the same or similar circumstances; and a charge that fails to so indicate, and which informs the jury that he "must necessarily have known of the dangers in the ordinary discharge of his duty," is misleading and virtually neutralizes the defense of contributory negligence. Peck v. Peck, 99 Texas, 10; Texas & Pac. Ry. Co. v. Eberheart, 91 Texas, 322; El Paso & S. W. Ry. Co. v. Vizard, 39 Texas Civ. App., 534; Galveston, H. & S. A. Ry. Co. v. Stoy, 99 S. W., 135; Missouri Pac. Ry. Co. v. Crenshaw, 71 Texas, 345; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350.

A party has the absolute right, at the time of impaneling a jury, to six peremptory challenges, besides challenges for cause, and in order to intelligently exercise this right he is entitled, through his counsel, to thoroughly interrogate the jurors constituting the array, for the purpose of developing and revealing their information and sentiments, if any, with reference to the matters involved (Houston & T. C. R. R. Co. v. Terrell, 69 Texas, 650); and after the jury has been selected and impaneled the party is entitled to have them protected from the influence of extraneous communications in regard to the facts of the case, except such as reach them in the way of evidence and legitimate argument, and instructions in the charge of the court. (Art. 1306, Rev. Stats.)

It has been held reversible error to permit counsel to read to the jury portions of opinions of the Supreme Court affirming judgments for large verdicts (Galveston, H. & S. A. Ry. Co. v. Wesch, 85 Texas, 600; Belo v. Fuller, 84 Texas, 450); and to read to the jury the dec-

larations of the Appellate Courts affirming judgments in other cases, for the purpose of instituting a comparison between the facts of those cases and the case at bar.     (Western Union Telegraph Company v. Teague, 8 Texas Civ. App., 444, and Matthews v. Thatcher, 33 Texas Civ. App., 133.)     So we contend that if, as in this case, after the jury have been impaneled, and during the progress of the trial, newspaper articles purporting to state the facts of the case, recite matters that are untrue or exaggerated, and make comparisons between the case on trial and some other case, asserting that in some other case, said to be similar in its facts and in its extent of injuries, a jury returned a verdict for a large amount (naming it), and that said verdict and the judgment thereon was affirmed by the Supreme Court of the State, such articles should not be permitted to reach the jury, and when it is brought to the attention of the court promptly and before the end of the trial, that such articles and comments have reached the jury, and were calculated to mislead them, to the prejudice of the complaining party, the court should arrest the trial, interrogate and test the jurors, with reference to such improper communications, and should take effective steps to eradicate the vice.

*Ewing & Ring,* for appellee.—That the causal relation between the injury and the act complained of as negligent was abundantly sufficient to authorize the jury, if not to require them, to find that Capps and Young might reasonably have anticipated the injury to plaintiff, or some like injury, from their conduct, see Trinity Lumber Co. v. Denham, 85 Texas, 60; El Paso & N. W. Ry. v. McComas, 36 Texas Civ. App., 170; Texas & Pac. Ry. v. Bigham, 90 Texas, 223; Murphy v. Galveston, H. & N. Ry., 100 Texas, 490; Pullman Palace Car Co. v. Laack, 143 Ill., 242, s. c. 14 Am. Neg. Cas., 291, 303.

That as matter of law the evidence raised no issue of assumed risk, see Texas & New Orleans R. R. Co. v. Davidson, decided by this court January 30, 1908, 20 Texas Ct. Rep., 643; 2 Labatt's Master & Servant, sec. 650b, p. 1901, and cases cited; Galveston, H. & S. A. Ry. v. Stoy (Texas Civ. App.), 99 S. W., 135; Ry. v. Kelley, 98 Texas, 123, 136; and hence no error in that regard could avail the defendant. League v. Davis, 53 Texas, 10, 14; Burns v. True, 5 Texas Civ. App., 78.

That as matter of law much more as a warranted finding of the jury, Capps and Young were not fellow servants with plaintiff, see Sayles' Texas Civ. Stats., art. 4560h; Long v. Chicago, R. I. & T. Ry., 94 Texas, 53, reaffirmed, while distinguished, in International & G. N. Ry. v. Still (Texas Sup.), 101 S. W., 442, 445.

That the evidence did not raise the issue of assumed risk, and hence no error on that issue could be harmful to the defendant, see Texas & New Orleans Railroad Co. v. Davidson, ubi supra; 2 Labatt's Master & Servant, sec. 650b, p. 1901, and cases cited; Galveston, H. & S. A. Ry. v. Stoy (Texas Civ. App.), 99 S. W., 135; Ry. v. Kelly, 98 Texas, 123, 136; League v. Davis, 53 Texas, 10, 14; Burns v. True, 5 Texas Civ. App., 78.

That the general declaration of the law of assumed risk, as given in the seventh paragraph of the charge, at the least was not affirmative

error, see Texas & New Orleans Railroad Company v. Davidson, ubi supra; El Paso S. W. Ry. v. Vizard, 39 Texas Civ. App., 534; Galveston, H. & S. A. Ry. v. Stoy (Texas Civ. App.), 99 S. W., 135; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347, approved and followed not only in above cases but in San Antonio & A. P. Ry. v. Englehorn, 24 Texas Civ. App., 324; Texas & Pac. Ry. v. McClane, 24 Texas Civ. App., 321; San Antonio & A. P. Ry. v. Waller, 27 Texas Civ. App., 44; St. Louis S. W. Ry. v. Mayfield, 25 Texas Civ. App., 207; Bookrum v. Galveston, H. & S. A. Ry. (Texas Civ. App.), 57 S. W., 920; and hence, as the only amplification allowable (see Peck v. Peck, 99 Texas, 10), was actually made in the submission of the issue to the jury, the charge was perfect. Texas & N. O. Ry. v. Davidson, ubi supra; El Paso S. W. Ry. v. Vizard, 39 Texas Civ. App., 534; Galveston, H. & S. A. Ry. v. Stoy (Texas Civ. App.), 99 S. W., 135.

That the legislative enactment in question was constitutional as against the objection that it infringes on the defense of contributory negligence, without a caption therefor, see Texas & N. O. Ry. v. Bingle, 9 Texas Civ. App., 322, 325, approved 91 Texas, 287, and Texas & Pac. Ry. v. Bryant, 8 Texas Civ. App., 134, both distinguishing the defenses of assumed risk and contributory negligence; and see also El Paso & S. W. Ry. v. Foth, 45 Texas Civ. App., 275, holding the act constitutional against other grounds of attack. St. Louis & S. F. Ry. v. Mathis (Texas Sup.), 20 Texas Ct. Rep., 481, 487, and Texas & Pac. Ry. v. Johnson (Texas Civ. App.), 20 id., 410.

That the special charge was properly refused—(a) Because it was not only incorrect in omitting the legislative qualification in question, but was calculated to mislead the jury into imposing upon plaintiff an affirmative duty of care to discover the danger, see Missouri, K. & T. Ry. v. Hannig, 91 Texas, 346-347; Missouri Pac. Ry. v. Lehmberg, 75 Texas, 62, 66-67; Peck v. Peck, 99 Texas, 10, and Texas & N. O. Ry. v. Davidson, ubi supra. (b) Because a charge not correct in the very terms in which asked, may rightly be denied, see 11 Ency. of Pl. & Pr., 237, and cases cited; San Antonio & A. P. Ry. v. Long, 19 Texas Civ. App., 649, error refused; Ry. v. Shieder, 88 Texas, 153. (c) Because the substance of the charge, as far as correct, was contained in the court's charge, see McCown v. Schrimpf, 21 Texas, 27, 28; St. Louis S. W. Ry. v. Freedman, 18 Texas Civ. App., 553, error refused.

That the court's charge was strictly correct, making proper no further charge, see Texas & Pac. Ry. Co. v. Bingham, 90 Texas, 223, 227; Trinity Lumber Co. v. Denham, 85 Texas, 60, the court saying:

"It is not the law that there would be no liability if the very occurrence itself complained of could not have been foreseen by the use of ordinary care, but if no danger could be supposed to exist from the defects under any circumstances after the exercise of such care. Cool. on Torts, 2d ed., 92; Sjogren v. Hall, 53 Mich., 274; Leame v. Bray, 3 East., 593, 53 Mich., 212."

That the verdict, in analogy to cases less serious, was not only not excessive, but might have been much larger, see Texas & N. O. R. R. Co. v. Kelly, 98 Texas, 123, verdict approved for $30,000; Gulf, C. & S. F. Ry. Co. v. Shelton, 30 Texas Civ. App., 72, affirmed 96 Texas,

301, verdict approved for $35;000; Waters-Pierce Oil Co. v. Snell (Texas Civ. App.), 20 Texas Ct. Rep., 190, 194, error refused, verdict for $30,000 approved; International & G. N. Ry. v. Vanlandingham, 38 Texas Civ. App., 206, error refused, verdict approved for $25,000.

That the publications, in the absence of fault as to them chargeable to plaintiff, were not of such a nature as to justify the Appellate Court, in the absence of any showing of injury, to convict the trial court of error in respect to them, see Cowles v. Merchants, 140 Mass., 377; Harrison v. Price, 22 Ind., 165; Clement v. Spear, 56 Vt., 401; Lee v. McLeod, 15 Nev., 158; Richardson v. Jones, 1 Nev., 408, holding that verdict can not be set aside for misconduct of jurors, "unless the party complaining shows, at least by reasonable presumption, that he has been injured thereby;" Moore v. State, 36 Texas Crim. Rep., 88, 90, the court saying:

"Before this court can feel authorized to disturb the verdict on account of the jury receiving such evidence (newspaper accounts in the juryroom), it must be made to appear that it operated to the prejudice of the appellant."

McMEANS, ASSOCIATE JUSTICE.—This was a suit by James Barwick against the Texas & New Orleans Railroad Company for damages for personal injuries sustained by him while engaged in the service of the railroad company in the capacity of car repairer, caused by the falling upon him of a lot of car doors which had been leaning against a shed post near the place at which he was working when hurt. He alleged, in substance, that his injuries resulted from the negligence of the railroad company in leaning the said doors against the post in such manner as that their bottoms were too close to the post, and were in dangerous juxtaposition to other doors leaning against the opposite side of the post with defective and loose slats therein; and that the railroad company's negligence consisted further in the fact that its servants caused or permitted said doors, so placed, to be hit or struck by some heavy object, whereby the doors were caused to fall upon him.

The appellant answered by, first, general denial; second, contributory negligence on the part of appellee in voluntarily assuming a position which, by the use of ordinary care, he would have known involved the danger; third, assumed risk, in that the injuries resulted from risks and dangers that were ordinarily incident to the service, and from conditions and dangers known to appellee, or which he would have known by ordinary care in the performance of his duties;-fourth, that if any servants of defendant were negligent in causing a heavy object to be placed or to fall against the doors, thus causing them to fall over and injure plaintiff, such servants, in so doing, were, in law and fact, the fellow servants of the plaintiff, for whose conduct in that regard the defendant was not liable; and fifth, that the injury to plaintiff was unforeseen by the defendant, and was remote in relation to the alleged negligent acts, and that there was no actionable negligence on the part of defendant; and insofar as defendant was concerned plaintiff's injury was the result of an unavoidable accident.

By supplemental petition the plaintiff denied generally the allega-

tions in defendant's answer, and specially pleaded that if plaintiff knew or was chargeable with knowledge of the defects and dangers complained of in his petition, nevertheless a person of ordinary care, in his situation, would have continued in the service with the knowledge of such defects and dangers.

The case was tried before a jury and resulted in a verdict and judgment for plaintiff for $25,000, from which this appeal is prosecuted.

The evidence warrants the following findings of fact: On April 29, 1906, the appellee was, and had been for five years in the employment of appellant in the capacity of car repairer. He was, on the day in question, engaged at work on one of its repair tracks in the city of Houston, being the track known as "rip track," or "track No. 2," and while he was so engaged, sitting on a tool box working under a car, seven freight doors, which were stacked against a post near him, fell upon him, inflicting the injuries for which he sued.

Appellant now has, and for many years has maintained in the city of Houston what is known as a rip, or repair, track, used for the purpose of holding defective cars during the time they are undergoing repairs. Alongside of this track, at a distance of seven or eight feet and extending with it the distance of about 250 feet, is a shed known as the carpenter's shed. This shed is supported on the side next to the rip track by several upright posts. When defective doors were taken off of cars, or when doors were taken off defective cars they were customarily placed on the inside of the shed with their tops leaning against a post, and when a supply of new doors was brought to the rip track to be placed on repaired cars the practice was to place them on the outside of the shed next to the rip track so that their tops would also lean against a post. At the time of appellee's injury there were thus situated on the outside of the shed seven new doors, and on the inside of the shed there were leaning against the same post a stock car door, and against this door there was leaning another door. The cross piece at the top of the stock car door was off, and the slats, of which the door was constructed, were not fastened to each other at the top where the door came in contact with the post. At the time appellee was hurt he was at one end of the car upon which he had been at work all that day, and which was a proper place for him to be, and was engaged on a bolt at the bottom of the car, his object being to take the oil box off the journal and put a wheel on the truck. He was sitting on his tool box, facing the car, with his back toward the stack of new doors, when they fell upon him.

Capps and Young were carpenters in the employment of appellant and engaged at work for it on the day in question. Capps was working on a car on track No. 5, being the third track from the rip track, and Young was working on an ice box under the carpenter shed, about twenty feet from where plaintiff was seated when hurt. Capps went to where Young was working to get his trestles which Young had borrowed from him. At that time a jigger was resting on the trestles. This jigger was made of oak and faced with iron. It consisted of two parallel oak slabs, about twelve to fifteen feet long and four feet apart, and connected with cross pieces. Its weight was about 450 pounds. It was designed for use in removing car trucks from the track or in

replacing them. In order that Capps might have his trestles, he and Young undertook, by themselves, to remove the jigger; so the two men slid it off the trestles, until its edge rested on the ground and then turned it loose so that it fell over away from the trestles and against the doors, leaning against the post from the inside of the shed, with such force that such of the slats of the stock car door as did not rest against the post were forced by the post and against the new doors leaning against the post from the outside, thus overbalancing the latter and causing them to fall on appellee. Appellee did not know that Capps and Young were removing the jigger from the trestles, and the first intimation he had that they had thrown it over against the doors was when one of them called out, "Look out, Jim;" and it was then too late for him to escape the falling doors or avoid the injury.

Young had talked to appellee that morning and knew he was working there. In removing the jigger Capps and Young stood about six or eight feet apart and within a few feet of where appellee was at work, and there was nothing to obstruct their vision and prevent their seeing him except the doors, which were only about five and one-half feet wide, and the evidence justifies the conclusion that both saw him. Employes of appellant were liable to be working or passing along the track in front of the post at any time.

Capps and Young were not working with appellee at the same place, nor were they employed at the same character of work, nor at the same piece of work, and were not his fellow servants in contemplation of article 4560h, Revised Statutes.

Appellee was not guilty of any negligence which caused his injury or contributed to bring it about, nor did he assume the risk of danger from the doors falling upon him caused by the acts of Capps and Young above detailed. Capps and Young could reasonably have foreseen that the falling of the jigger against the doors under the circumstances would cause the doors on the opposite side of the post to fall and the injury to plaintiff, or some like injury, to result therefrom.

Appellee's back was broken, his lower limbs paralyzed, and his injuries are permanent. He suffered, and will continue to suffer great physical and mental pain, and was damaged in the amount found by the verdict of the jury.

Appellant's first four assignments of eror, in different forms, claim that the appellee is precluded of recovery as a matter of law, first, because those responsible for the act of alleged negligence would not reasonably have foreseen the alleged injury as likely to ensue; second, because appellee must be held to have assumed the risk and danger of his injury; and, third, because the employes charged with the negligent act toward him were his fellow servants.

Our findings of fact dispose of these claims adversely to appellant's contention. The evidence clearly warranted the finding by the jury that the employes, in using the jigger as they did, might reasonably have anticipated injury to plaintiff, or some like injury, as a natural and probable consequence of their act. Trinity Lumber Co. v. Denham, 85 Texas, 60; El Paso & N. W. Ry. v. McComas, 36 Texas Civ. App., 170; Texas & Pac. Ry. v. Bigham, 90 Texas, 223.

The evidence was further clearly sufficient to warrant the jury in finding that plaintiff did not assume the risk of the negligence of such other employes, and, indeed, did not even raise against him that issue.    Texas & N. O. Ry. Co. v. Davidson, 20 Texas Ct. Rep., 643; Galveston, H. & S. A. Ry. v. Stoy, 99 S. W., 135; Texas & N. O. Ry. v. Kelly, 98 Texas, 136; 2 Labatt, Master and Servant, sec. 650.

The evidence further not only warranted the jury in finding that said employes were not fellow servants of appellee, but was such as to compel that finding.    Sayles' Texas Civ. Stats., art. 4560h; Long v. Chicago, R. I. & T. Ry., 94 Texas, 53; International & G. N. Ry. v. Still, 101 S. W., 445.    The assignments are overruled.

Assignments numbered from five to eight, both inclusive, relate to the issue of assumed risk, the appellant claiming, first, that the court erred in the seventh paragraph of its general charge in declaring that the employe assumed, in addition to the risks ordinarily incident to the service, such risks as he knows of, or "must necessarily have known in the ordinary discharge of his duties;" second, that there was error in the eighteenth paragraph of the court's general instructions, in charging the qualification prescribed by Act of the Twenty-ninth Legislature, viz., that plaintiff would not be deemed to have assumed the risk from knowledge of it if a person of ordinary care in his situation would nevertheless have continued in the service; and, third, that there was error in refusing defendant's special charge No. 2 on the issue of assumed risk, which in substance was that the plaintiff assumed the risks and dangers of such injuries as were ordinarily incident to the service, and also such as were known to him or would have been known to him by the exercise of ordinary care in the performance of his duties, and that if the jury should find that plaintiff's injuries resulted from conditions which were ordinarily incident to the line of service in which he was employed, or of those which he knew or would have known by the exercise of ordinary care in the performance of his duties, to return a verdict for the defendant.

There is no merit in the points relating to assumed risks, because the evidence raises no such issue, hence no error in that line could avail defendant.    The declaration in the general charge that the risks assumed were such as were incident to the service and such risks as were known by appellee or which he must necessarily have known of in the discharge of his duties, was at least not affirmative error, and the issue was afterwards amplified in its submission to the jury wherein the court in submitting it held the plaintiff to have assumed the risks, (1) as were ordinarily incident to the service, (2) such as he knew of, and (3) such as he, by the exercise of ordinary care in the discharge of his own duties, would have known of.    The court gave these instructions as to assumption of known risks, with the qualifications prescribed by the Act of the Legislature in question, that such would apply "unless a person of ordinary care in his situation would nevertheless have continued in the service."

The special charge made the subject of the eighth assignment of error, duplicated in substance the general charge—omitting, however, the legislative qualifications referred to—unless its transposed language was different insofar as it imputed to plaintiff knowledge of

the dangers of which he "would have known by the exercise of ordinary care in the performance of his duties as an employe." The substance of the special charge as far as correct was contained in the general charge of the court and it was properly refused for that reason, and for the further reason that it omitted the legislative qualification in question and was calculated to mislead the jury into imposing upon plaintiff an affirmative duty of care to discover the danger. Missouri, K. & T. Ry. v. Hanig, 91 Texas, 347; Missouri Pac. Ry. v. Lehmberg, 75 Texas, 66; Peck v. Peck, 99 Texas, 10; Texas & N. O. Ry. v. Davidson, *supra.*

There is no merit in the contention that the Act of the Twenty-ninth Legislature before referred to encroaches on the law of contributory negligence without that subject being expressed in the caption. The defense of assumed risk and contributory negligence are distinct and independent of each other. Texas & Pac. Ry. v. Bryant, 8 Texas Civ. App., 134. Besides, the Act by its terms, in the only phase of it that could impinge on contributory negligence, preserves the defense of assumed risk unless a person of ordinary care would nevertheless have continued in the service. The Act, while leaving contributory negligence perfectly intact, practically abolished the defense of assumed risk by making the question one of contributory negligence in every case. St. Louis & S. F. Ry. v. Mathis, 20 Texas Ct. Rep., 481, 487.

The point is also made that the Act does not apply "to such temporary or transitory conditions and dangers as might suddenly arise from the stacking of doors or other supplies and material, or from an unforeseen act of a servant in connection with his work." It is a sufficient answer to this contention to say that if the stacking of the doors was a temporary or transitory condition and danger, and not within the Act, it is immaterial, since that ground of negligence was not submitted, and as to the negligent conduct of the servants in throwing over the jigger, such negligence was imputable to the appellant, and it is therefore unimportant whether appellant could have foreseen their negligent act or not. It appears that the intent of the Act, as shown by both its caption and its language, was to destroy the defense of assumed risk, except as expressly preserved by the Act, which was to reduce the inquiry to one of contributory negligence. The assignments are overruled.

By its ninth assignment appellant complains that the court, in submitting the issue of unavoidable accident, erred in not requiring the negligent employes to be able to foresee, by the use of ordinary care, the very occurrence itself of plaintiff's injury; and by its tenth assignment complains that the court erred in refusing its sixth special charge instructing the jury that unless the injury to plaintiff could have been so foreseen then such injury was an unavoidable accident for which plaintiff could not recover. The court instructed the jury that unless the employes "in moving or placing the jigger might reasonably have foreseen in the exercise of ordinary care, injury to plaintiff, or some like injury, as a natural and probable consequence of their act, then the injury was an unavoidable accident," but that it was not necessary, under this direction, that the employes "should have been able to foresee, by the use of ordinary care, the very occurrence itself of

plaintiff's injury." As we understand the law to be, the court's charge was correct. Texas & Pac. Ry. v. Bigham, 90 Texas, 227; Trinity Lumber Co. v. Denham, 85 Texas, 60. The assignments are overruled.

After the jury had been impaneled the court permitted its members to separate at night and during the noon recess, with the admonition to not discuss the facts of the case among themselves nor to permit any person to discuss the facts with them. During the progress of the trial the Houston Post and Houston Chronicle, two daily newspapers published in the city of Houston, as an item of news printed certain articles relating to the fact that the case was on trial, its nature, the fact that the plaintiff was paralyzed, and the article in the Post stated that the suit was "similar in many respects to the famous Barney Kelly case, in which a $30,000 verdict was secured," etc. The Chronicle article contained the statement that "Lawyers say that the case bears some resemblance to the celebrated Murphy case, which was taken up to the Supreme Court twice and there affirmed for the full amount of the $30,000 verdict rendered in the lower courts." When court convened on the morning that these publications appeared, counsel for appellant presented to the court a motion, setting forth the articles in question, and praying that the jury be polled with a view of determining whether any of its members had read the articles, and if so, that such jurymen be discharged and a mistrial be entered, which motion being overruled, appellant duly excepted, and this action of the court is made the basis of the eleventh assignment of error. The publications were without the knowledge, consent or authority of plaintiff or his attorneys, and the first that he or they knew of them was when they were seen in the papers. The articles were neither inflammatory or sympathetic, but merely purported to be of news. They touched upon no fact relating to liability, but only as to the nature of the injury. They stated no fact that was not open to the vision of the jury, or was not either before the jury by the pleadings and evidence or necessarily inferable to them therefrom, except the statement as to similarity to other cases in which a verdict for $30,000 had been rendered and sustained, and on motion for new trial it was shown that three of the jurymen had read one or the other of said articles, one had read the headlines in one paper while another had heard one of the articles read. It may be the court, on allowing the jury to separate, should have added to his admonition a warning against reading newspaper articles relating to the case, but in view of all the facts of this case in relation to liability of appellant, the extent of appellee's injury, the fact that the verdict in this case was less by $5,000 than in the cases referred to by the articles, we can not say that the jury were influenced by the articles in reaching a conclusion as to the liability of appellant or as to the amount awarded appellee by their verdict. Cowles v. Merchant, 140 Mass., 377; Lee v. McLeod, 15 Nev., 158; Richardson v. Jones, 1 Nev., 408; Moore v. State, 36 Texas Crim. Rep., 90. In the case last cited it is said: "Before this court can feel authorized to disturb the verdict on account of the jury receiving such evidence (newspaper accounts in the juryroom) it must be made to appear that it operated to the prejudice of the appellant." The assignment is overruled.

There is no merit in the twelfth assignment which complains of the refusal of the court to grant a new trial because of the appearance of the newspaper articles. The fact that the court permitted appellee to present, in opposition to this ground of the motion, the affidavits of certain of the jurymen showing that the jury had not been in that way influenced, and that the articles had not been discussed or referred to in the juryroom, was not such an irregularity or improper proceeding as to require a reversal of the case.

By its thirteenth assignment appellant complains of the action of the court in overruling its amended motion for new trial based on the nineteenth ground thereof to the effect that the verdict was grossly excessive, and the result of prejudice, passion or other improper motives on the part of the jury, it having been influenced by the improper charge of the court on the measure of damages and by the newspaper articles above referred to. No assignment based on the court's charge on the measure of damages has been presented by appellant, and we have already discussed and disposed of the bearing of the newspaper articles upon the size of the verdict.

The verdict is large, it is true, but we can not say, from the evidence, that it was excessive. Appellee's back was broken at the junction of the dorsal and lumbar vertebrae, the spinal cord was either severed or so destroyed by pressure as to cause instant loss of sensation and control of his functions, his lower-limbs are completely and permanently paralyzed, he can not control his bladder or bowels, his sufferings have been great and will continue, he will be in constant need of the services of an attendant, and his capacity to labor and earn money has been destroyed. Texas & N. O. Ry. v. Kelly, 98 Texas, 123; Gulf, C. & S. F. Ry. Co. v. Shelton, 96 Texas, 301; Waters-Pierce Oil Co. v. Snell, 20 Texas Ct. Rep., 194; International & G. N. Ry. v. Vanlandingham, 38 Texas Civ. App., 206.

There having been no error committed in the trial, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.