### BRIDGEFORTH v. STATE.   (8 Div. 142.)

(Court of Appeals of Alabama.   June 3, 1924.)

1. Intoxicating liquors ⬅198—Affidavit charging possession of "prohibed" liquors insufficient.

Affidavit charging possession of "prohibed" liquors held bad on demurrer for omission of letters "i t."

2. Jury ⬅72(1)—Requiring defendant to strike from list of 19 jurors, in absence of remaining 12, held not error.

In absence of 12 of 31 regular veniremen in consideration of another case, trial judge did not err in requiring defendant, in prosecution for possessing prohibited liquors, to strike from list of remaining 19 jurors, in view of Acts 1919, p. 1040, § 32, requiring summons of additional veniremen in misdemeanor cases only when number is reduced below 18.

3. Intoxicating liquors ⬅139—Temporary custody sufficient "possession."

Mere temporary custody of prohibited liquor for use, benefit, or enjoyment of custodian, or any other person, is sufficient to constitute possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Possession.]

4. Criminal law ⬅815(9)—Charge held faulty as not hypothesizing probability of innocence founded on evidence.

Charge to acquit if there is probability of innocence held faulty in not hypothesizing such probability founded on evidence.

5. Criminal law ⬅815(9)—Charge on reasonable doubt held faulty as pretermitting consideration of all evidence.

Charge that, if evidence on any essential point admitted of any reasonable doubt, defendant was entitled to benefit thereof, and should be acquitted, held faulty as pretermitting consideration of all evidence.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

Alice Bridgeforth was convicted of possessing prohibited liquors, and appeals. Reversed and remanded.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These charges were refused to defendant:

"I charge you that to constitute possession of prohibited liquor, mere temporary custody is not sufficient."

"The court charges the jury that, if there is a probability of the defendant's innocence, you should find her not guilty."

"If you believe that the evidence upon any essential point in this case admits of any reasonable doubt, a doubt consistent with reason, the defendant is entitled to the benefit of it, and should be acquitted."

S. A. Lynne, of Decatur, for appellant.

The requirement that the defendant strike from a list only 19 jurors was error. Acts 1919, p. 1040; Evans v. State, 80 Ala. 4. The indictment was defective. Wood v. State, 50 Ala. 144; Griffith v. State, 90 Ala. 583, 8 South. 812; Parker v. State, 114 Ala. 690, 22 South. 791. Charges 1 and 2, requested for defendant, should have been given. Emmerson v. State, 33 Tex. Cr. R. 89, 25 S. W. 290; State v. Meyer, 58 Vt. 457, 3 Atl. 195.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The prosecution was commenced by affidavit in which the defendant was charged with having in her possession "prohibed" liquors contrary to law. A demurrer was interposed to the affidavit, one of the grounds assigned being "that it fails to aver that the defendant had prohibited liquors in her possession contrary to law."

In Wood v. State, 50 Ala. 144, the indictment charged that the defendant "unlawfully and with malice aforethought" assaulted another with intent to murder him. The court said:

"No doubt, the county solicitor by a slip of the pen omitted the letter 'l' from the word which he intended to write, leaving it 'maice' instead of 'malice;' but such a mistake cannot be supplied by intendment. The word 'malice,' or some other word or words conveying the same meaning, must be used in an indictment for an assault with intent to murder. Rev. Code, 809, form No. 14. If one departure from the prescribed forms is permitted, another and another will soon be asking for the same grace, until the whole system will end in an unintelligible jumble of words unknown to the law and the purpose of criminal procedure. It is best to hold to the prescribed forms. 'Via trita est tutissima.' "

In Griffith v. State, 90 Ala. 583, 8 South. 812, the indictment charged that the killing was done unlawfully and "with malice aforethou" instead of "aforethought." The court there said:

"The omission of the letters 'g h t' from the word 'aforethought,' in the second count of the indictment, scarcely comes within the rule. Though a clerical omission, which does not change the word into another of different import, it leaves a collection of letters forming no word of any significance whatever, and incapable of like sound. A lawyer would understand what was intended to be charged, but one of ordinary intelligence would be left in doubt as to the meaning. The specified letters being omitted, the count does not allege that the killing was with malice aforethought, which is essential to charge the offense of murder."

In Parker v. State, 114 Ala. 690, 22 South. 791, the indictment charged that the defendant with intent to steal broke into and entered "the dwell house" of another, and the court held that the omission of the letters "ing" from the word "dwelling," being a matter of substance, destroyed the legal sufficiency of the indictment. The court in this case said:

"The indictment in this case was fatally defective and the motion in arrest of judgment should have been granted. * * *

"Unless we depart from these decisions, we must hold the indictment bad in the present case. Great precision should be preserved in matters which vitally affect the life and liberty of the citizen; and we are not willing to relax the rule in this respect laid down by our predecessors."

[1] The omission of the letters "i t" from the word intended to be written "prohibited" in the affidavit, destroyed its legal sufficiency. "Prohibed" is merely a collection of letters forming no word of any significance whatever. The demurrer to the affidavit should have been sustained.

[2] Section 32 of an act of the legislature of Alabama, prescribing the qualifications of jurors and regulating their selection approved September 29, 1919 (Acts 1919, p. 1040), reads in part as follows:

"Upon the trial by jury in any court of any person indicted for a misdemeanor, or felonies not punished capitally, or in case of appeals from lower courts, the court shall require two lists of all the regular jurors empanelled for the week, who are competent to try the defendant, to be made, and the solicitor shall be required first to strike from the list the name of one juror and the defendant shall strike two, and they shall continue to strike off names alternately until only twelve jurors remain on the list, and these twelve thus selected shall be the jury charged with the trial of the case." But said section further provides:

"If for any cause the regular number of jurors competent to try the defendant is reduced below twenty-four in noncapital felonies and eighteen in misdemeanor cases, the court must cause twice the number of the deficiency, who live within five miles of the courthouse or who live within the corporate limits of any city of 10,000 or more inhabitants in which the court is held to be drawn and summoned," etc.

Twelve of the 31 jurors in attendance upon court were considering another case when this defendant was required to strike from a list containing the names of 19 jurors. The statute provides that if for any cause the

number of jurors is reduced below 18 in misdemeanor cases additional veniremen shall be summoned. In the absence of 12 jurors on the regular venire in the consideration of another case it was not error for the trial judge to require the defendant to strike from the remaining jurors where the number was not reduced below 18.

There is no merit in the exceptions reserved to portions of the oral charge of the court.

[3] Charge No. 1 refused to defendant does not assert a correct proposition of law and was properly refused.

The Supreme Court in Ex parte State ex rel. Atty. Gen. (Harbin v. State) 210 Ala. 55, 97 South. 426, holds that—

"The possession of prohibited liquors includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit or enjoyment of himself or any other person, and not merely for the purpose of inspection or destruction."

[4] Charge 2 requested by defendant was faulty in not hypothesizing a probability of innocence founded on the evidence. Edwards v. State, 205 Ala. 160, 87 South. 179.

[5] Charge 3 was faulty, if for no other reason, in that it pretermits a consideration of all of the evidence. 1 Mayf. Dig. p. 570, par. 14.

Charge 4, the general charge for the defendant, was properly refused, as there was evidence upon which the jury were authorized to convict the defendant.

For the error indicated the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.