(127 So. 801)

## BURNETT v. STATE.

3 Div. 645.

Court of Appeals of Alabama.
Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

Hamilton & Jones, of Evergreen, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb, Asst. Atty. Gen., for the State.

RICE, J.

The indictment on which this appellant was put to trial, omitting formal parts, was as follows: "The Grand Jury of said county charge that, before the finding of this indictment, Charlie Burnett, unlawfully and with malice aforethought, did assault Anderson Cannon, with the intent to murder him, against the peace and dignity of the State of Alabama."

From a judgment of conviction, following which a sentence to serve imprisonment in the penitentiary for an indeterminate term of from two to five years was imposed upon him, this appeal is prosecuted.

Able counsel argue here for appellant, very forcibly, that the indictment upon which he was tried and the judgment of conviction based is void, and will not support the said judgment, this by reason of the transposition of the letters "t" and "h" in the material word "aforethought" in same.

There seems small doubt but that, if proper objection had been taken to said indictment in the court below, or had been made to being put to trial thereon, the same would have been due, under the decisions of the Supreme Court and this court, to have been sustained. See Bridgeforth v. State, 20 Ala. App. 20, 100 So. 564, where a number of the cases bearing on the subject are collected.

In the instant case, appellant did not demur to the indictment, but entered a plea of not guilty, and went to trial, without objection. No motion was made in arrest of judgment, nor to set aside the verdict of the jury and the judgment of conviction and grant the defendant a new trial. Appellant was represented by able counsel; and we have no doubt that, as was said by the Supreme Court in the opinion in the case of Griffith v. State, 90 Ala. 583, 8 So. 812, 813, they understood "what is intended to be charged." If it could be said that appellant was not to be held accountable for what his counsel understood, the trial judge, in his oral charge, distinctly informed the jury, and appellant, who was listening, that he was "charged under an indictment with having unlawfully, and with malice aforethought, assaulted Anderson Cannon, with the intent to murder him." Still no objection on the part of appellant to the indictment under which he was being tried.

We hold that, pretermitting a decision of the question of whether or not the indictment was defective, it was not void, and that objection made for the first time here on appeal, and after appellant, with full knowledge of what he was charged with, if not from the indictment, then certainly made known in the

trial court's oral charge to the jury, had deliberately sat by, and speculated on the verdict of the said jury, comes too late, and cannot avail to reverse the judgment of conviction thereon.

Regardless of the legal sufficiency or insufficiency of appellant's written requested, and refused, charge B, it is only necessary to remark that the substance, in fact, almost the identical language, of same was fully and completely covered by, and included in, the trial court's ample and accurate oral charge to the jury trying the case. There was then, of course, no error in refusing to give it.

The few exceptions to rulings on the taking of testimony have each been examined. The rulings underlying none of them involve other than elementary principles of law. In none of same, nor in the record, do we find prejudicial error, and the judgment of conviction must be, and is, affirmed.

Affirmed.

BRICKEN, P. J., concurs in the conclusion.