195 So. 287

## FRAZER v. STATE.

### 5 Div. 88.

Court of Appeals of Alabama.

Feb. 13, 1940.

Rehearing Denied Feb. 27, 1940.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

**PER CURIAM.**

The indictment in this case reads as follows: "The Grand Jury of said County charge that before the finding of this indictment, Willie Frazer unlawfully and with malice aforethgought killed Jesse Taylor by stabbing him with a dirk, or knife, but without deliberation or premeditation."

On the trial after the evidence was all in, and a full charge by the court, the jury returned a verdict of manslaughter in the first degree and fixed the punishment accordingly.

The only question of merit presented by this record is raised by reason of the rulings of the court on a demurrer to the indictment. It being pointed out by the demurrer that instead of charging the defendant with "malice aforethought", the wording was "malice *aforethgought*". In view of the decisions of this court and of the Supreme Court, this presents a very serious question for our consideration.

In Bridgeforth v. State, 20 Ala.App. 20, 100 So. 564, 565, "The omission of the letters 'i t' from the word intended to be written 'prohibited' in the affidavit, destroyed its legal sufficiency."

In Griffith v. State, 90 Ala. 583, 8 So. 812, the omission of the letters "g h t" from the word "aforethought", rendered the indictment subject to demurrer.

In Parker v. State, 114 Ala. 690, 22 So. 791, the omission of the three letters "i n g" from the word "dwelling" rendered the indictment bad, and caused a reversal of the case.

In Burnett v. State, 23 Ala.App. 414, 127 So. 801, speaking through Rice, Judge,

Duke & Duke and Thos. W. Starlin, all of Opelika, for appellant.

it was said, in passing upon a question similar to the case at bar: "There seems small doubt but that, if proper objection had been taken to said indictment in the court below, or had been made to being put to trial thereon, the same would have been due, under the decisions of the Supreme Court and this court, to have been sustained."

In reversing the lower court in Wood v. State, 50 Ala. 144, for the sole reason that the indictment had omitted the letter "l" from the word "malice", the Chief Justice made this pointed observation: "No doubt, the county solicitor by a slip of the pen omitted the letter 'l' from the word which he intended to write, leaving it 'maice' instead of 'malice'; but such a mistake cannot be supplied by intendment. The word 'malice,' or some other word or words conveying the same meaning, must be used in an indictment for an assault with intent to murder. * * * If one departure from the prescribed forms is permitted, another and another will soon be asking for the same grace, until the whole system will end in an unintelligible jumble of words unknown to the law and the purposes of criminal procedure. It is best to hold to the prescribed forms. 'Via trita est tutissima.' "

The distinction between "malice" and "malice aforethought" and the necessity of charging the same in the forms required by law is fully and ably stated in the case of Cravey v. State, 36 Tex.Cr.R. 90, 35 S.W. 658, 61 Am.St.Rep. 833.

However this may be, the indictment in this case is sufficient to charge manslaughter in the first degree, of which offense the defendant was convicted. This conviction has the effect of acquitting the defendant of the higher charge, and renders a decision on the demurrer unnecessary.

Moreover, we are required by Supreme Court Rule 45 to read the entire record to see if, in the judgment of the court, any of the errors pointed out were such as to injuriously affect the rights of the defendant to his prejudice.

The indictment being sufficient to charge manslaughter in the first degree, and the trial having been had as if the word "aforethought" had been properly spelled, and the trial judge having so considered it in his charge to the jury,

and the evidence for the State being so overwhelmingly sufficient to sustain the verdict of the jury, we hold that under Supreme Court Rule 45 this case should be affirmed.

The judgment is affirmed.

Affirmed.

NOTE. The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case En Banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.

### On Rehearing.

PER CURIAM.

En banc, this court has given careful and attentive consideration to the sole point of decision so very forcefully presented by able counsel for appellant on the application for rehearing in this case. We are of the opinion and have so concluded that the court properly overruled the demurrer to the indictment, and we must adhere to the conclusion of affirmance in this case. The question is not without difficulty. As a basis for our present holding we think our case of Curry v. State, 23 Ala.App. 182, 122 So. 298, to which we adhere, is conclusive of the point of decision involved. In the Curry case, supra, this court said: "The first insistence of error is based upon the action of the court in overruling demurrer to the indictment. By the demurrer it was insisted that the indictment charged no offense, in that the word 'atorethought' —intended for 'aforethought'— is meaningless and rendered the indictment bad. In charging murder in the second degree it is necessary to charge that the alleged killing of deceased by the defendant was done unlawfully and with malice aforethought (stating the means of killing), but without premeditation or deliberation. The indictment here complies with every requirement of law in charging murder in the second degree, except, as stated, the letter 't' is used instead of the letter 'f' in the word 'aforethought.' By overruling the demurrer the lower court took the position that the defect complained of was a mere clerical misprision, and in this we think the court was correct. An indictment may not be vitiated by a clerical misprision, or grammatical error,

unless such discrepancy changes the words or obscures the sense. The patent clerical error here complained of does not come within this rule, as there can be no doubt as to the word intended, and its sense is not obscured nor is the tendency of the error to mislead. The rule is: 'Before an objection because of false grammar, incorrect spelling, or mere clerical error, is entertained, the court should be satisfied of the tendency of the error to mislead, or to leave in doubt as to the meaning a person of common understanding, reading, not for the purpose of finding defects, but to ascertain what is intended to be charged.' Grant v. State, 55 Ala. 201, 207."

See, also, our case, Sanders v. State, 2 Ala.App. 13, 56 So. 69.

Opinion extended. Application for rehearing overruled.