10 So.2d 370

## ALFORD v. STATE.
### 8 Div. 169.

Court of Appeals of Alabama.

June 30, 1942.

Rehearing Denied Oct. 6, 1942.

Russell W. Lynne and S. A. Lynne, both of Decatur, for appellant.

Thos. S. Lawson, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The appellant has been twice tried upon an indictment charging murder in the first degree.

The first trial resulted in a mistrial, to which we hereafter refer. The second trial eventuated in a verdict of guilty of manslaughter in the first degree, with punishment of ten years' imprisonment.

Consistent with our duty in such cases, we have scanned the record for error, but find that only those points urged upon our consideration by counsel for appellant merit separate treatment, so we confine discussion to them.

The first and principal contention for error is that, on account of the attempted rendition by the jury in the first trial of an abortive and irregular verdict which the trial court refused to accept and which superinduced the order of mistrial, the defendant had been thereby either (1) acquitted and discharged altogether, or (2) acquitted of murder and subject only to be tried in the second case for the lesser offenses embraced in the charge, i. e., manslaughter, etc.

The transpiration of events (pertinent) in the first trial is catalogued in the brief by able counsel for appellant, towit: "The defendant was tried on March 10, 11, 12 and 13, 1941, and on the last day the jury returned into court the following verdict: 'We the jury find the defendant guilty of manslaughter in the first degree and recommend the mercy of the court.' This verdict was read in open court and thereupon the court sent the jury back to fix the punishment and the jury finally reported to the court they were unable to agree on the punishment. Thereupon, the court, without the consent of the defendant, ordered that mistrial be entered; the jury discharged and the cause continued."

The following June, the case was retried, resulting in the present verdict of manslaughter in the first degree and the assessment of punishment of ten years in the penitentiary, as stated aforesaid.

Succinctly, the query is, did the abortive performance of the first jury in attempting to return the improper verdict effect either (1) the discharge of the defendant, or (2) his acquittal of the degrees of homicide, higher than that stated in this irregular verdict.

The defendant asseverates the affirmative, but we think the authorities (cited in brief and argument by the learned Assistant Attorney General) are definitely opposed to this view. Ex parte Tanner, 219 Ala. 7, 121 So. 423; Washington v. State, 125 Ala. 40, 28 So. 78; Gunter v. State, 83 Ala. 96; 105, 106, 3 So. 600; Foster v. State, 88 Ala. 182, 185, 7 So. 185.

The following excerpt from Gunter v. State, supra, is decisive: "The true rule was held to be, that the discharge of a jury, without legal necessity or consent, which will operate as an acquittal, is a discharge before the rendition of the verdict by the jury; and that a discharge after a defective verdict, on which judgment had been erroneously pronounced, was not such jeopardy as would prevent the defendant from being put on trial again upon reversal of the judgment on appeal at his instance."

In the present case, the situation was less favorable to the view urged by appellant, for the reason that no "judgment had been (was) erroneously pronounced" in response to the irregular verdict.

The trial court, here, acted, with reference to this first attempted verdict, in the only manner possible and as the decisions of our Supreme Court have dictated, i. e., refused to receive the verdict and directed the jury to return a proper one in compliance with his instructions. Ex parte Tanner, supra, 219 Ala. page 8, 121 So. page 424. As stated there (Tanner) regarding a similar situation: "The court, having directed the jury to fix the punishment, should have refused to receive the verdict without a compliance with that direction (Bates v. State, 170 Ala. 26, 54 So. 432; Washington v. State, 125 Ala. 40, 28 So. 78)." This the trial court did, is what he should have done, and all he could do. There is nothing to the point of jeopardy.

Moreover, as to the contention that jeopardy prevailed as to a second trial of the higher degrees of homicide (murder), it occurs to us that, regardless of the soundness of our position above (which we do not doubt), no possible prejudice resulted to the defendant on this score in view of the verdict of manslaughter returned in the second trial. He was, by this second conviction, acquitted of the higher charge anyway, thereby rendering innocuous the action (whether meritorious or not) of the court in striking his plea of autrefois acquit of murder in the first and second degrees. Frazer v. State, 29 Ala. App. 204, 206, 195 So. 287; Rule 45, Supreme Court; Crump v. State, 29 Ala.App. 22, 191 So. 475, certiorari denied by Supreme Court, 238 Ala. 439, 191 So. 478; Swindle v. State, 27 Ala.App. 549, 176 So. 372, certiorari denied by Supreme Court 234 Ala. 621, 176 So. 375.

It is next urged that the defendant should have received a directed verdict of not guilty, upon the theory that the State's only eye witness to the fatal affray could not view the scene from his vantage point.

Suffice it to say, as to this contention, that from the evidence adduced, aside from being unable to arrive at such a conclusion from a careful study of the record, we are convinced that, were the insistence of the appellant correct, there would still be sufficient facts, circumstantial and otherwise, to reasonably infer the identity of the defendant as the assailant of the deceased.

The evidence was clearly sufficient to afford an inference adverse to the innocence of the defendant. This was sufficient to justify the refusal of the affirmative charge. Emerson v. State, ante, p. 89, 1 So.2d 604, certiorari denied by Supreme Court, 241 Ala. 141, 1 So.2d 605.

Regarding the remaining insistences of error, as to the cross examination of certain State's witnesses, we perceive no prejudicial error imposed upon the defendant. It was his burden to establish it. 7 Ala. Digest, Criminal Law, ⊕1141(2).

The latitude of cross examination rests largely within the sound discretion of the trial court, which will not be overturned unless grossly abused. Raper v. State, Ala. App., 4 So.2d 657.[1] There is no such abuse of discretion here in the action of the court in sustaining objections to the questions propounded to State's witnesses—granting the interrogation to have been legitimate cross examination—as would warrant a reversal.

We have tendered careful consideration to the brief and argument of learned counsel for appellant, but are convinced that the defendant was accorded a fair trial. We discover no prejudicial error. The judgment is affirmed.

Affirmed.

